### Russell W. Hislop v. Department of Social Welfare

[388 A.2d 428]

No. 7-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 6, 1978

*Charles D. Hickey,* Vermont Legal Aid, Inc., St. Johnsbury, for Plaintiff.

*M. Jerome Diamond,* Attorney General, and *Michael Mc-Shane,* Assistant Attorney General, Montpelier, for Defendant.

**Larrow, J.**   Claimant Hislop appeals from an order of the Human Services Board denying him food stamps for August and September, 1976. That denial was based solely upon his ownership of an undivided one-half interest in a 170 acre woodlot in Newport, Vermont, valued in excess of $1,500. The other half interest was owned by his brother. Under an agreed statement of facts filed with this Court, claimant was otherwise eligible for the food stamps. The property was purchased for speculation in 1964, was physically difficult of access, and assessed at a fair market value of $5,000. It had been on the market for three years, but at a $34,000 asking price, or $200 per acre. No effort has been made to partition the property or to sell claimant's half interest. His only attempt to borrow on his interest, made the morning of the hearing below, was rejected by the local bank.

The question certified to us is:

Is the state food stamp regulation respecting the owner-

ship of real property contrary to the applicable federal regulations?

We have emphasized previously that, unless we are constrained by some statutory provision like the one set out in 21 V.S.A. § 672 (not here applicable), we may dispense with or disregard such a statement, and determine what we consider to be the true issues presented by the appeal. *Town of Barnet* v. *Central Vermont Public Service Corp.*, 131 Vt. 578, 580, 313 A.2d 392, 393 (1973) ; Reporter's Notes, V.R.A.P. 13. We elect to do so here, because in our view, on the record presented, the abstract issue certified is so broad as to border on the advisory. Without a doubt, due to error we are assured is presently being rectified, state regulations do not contain one exclusion from disqualifying resources that is set out in the federal regulations. That federal regulation (7 C.F.R. § 271.3(c) (4) (iii) (d)) was, however, specifically considered by the Board, which held it inapplicable to the claimant. We hold that conclusion to be correct, rendering the claimed defect without prejudice to the claimant, and therefore not grounds for reversal. *Green Mountain Marble Co.* v. *State Highway Board,* 130 Vt. 455, 468, 296 A.2d 198, 206 (1972); *State Highway Board* v. *Pratt*, 127 Vt. 385, 394, 250 A.2d 726, 732 (1969).

Extensive quotation of all the regulations involved here would only complicate what already borders on the incomprehensible. Suffice it to say that the general policy as to eligibility for food stamps requires that household resources not exceed $1,500. Paraphrasing a long regulation, some assets are not counted as resources, with a strict construction of these exclusions being indicated by the phrase: "This list is inclusive and no other exclusions from resources shall be allowed." 7 C.F.R. § 271.3(c) (4) (iii). Summarized, the first three general exclusions from "resources" include a normal house and lot, car, furniture, life insurance and pensions, personal effects, income producing property, tools and machinery for employment, and Indian lands owned with the tribe or requiring government approval for sale. The fourth exclusion, present in the federal regulations but not in their state counterparts, is:

(d) Resources whose cash value is not accessible to the household, such as, but not limited to, irrevocable trust funds and property in probate.

7 C.F.R. § 271.3(c) (4) (iii) (d).

The general thrust of claimant's argument is that the state regulations should be governed by the federal, that his woodlot interest would not be "accessible to the household" under the federal regulation, and that denial of his claim is therefore prejudicial error. We disagree. To us, the general tenor of the regulations is to issue stamps on the basis of a current need, computed without requiring divestment of the ordinary accouterments of living and of earning a livelihood, and without requiring a claimant to do the impossible, i.e., convey property when he has no legal right to do so. However wise or prudent it may be, holding land for speculation at an asking price almost seven times its fair market value is not an activity requiring subsidy by food stamps. Construction of the regulation in question by the in pari materia criterion makes that conclusion mandatory.

True it is, as claimant argues, that there is an inconsistency between requirements for Aid to Needy Families with Children (ANFC) and the food stamp requirements. ANFC regulations would, the parties agree, exclude the woodlot here from being a disqualifying resource if there had been attempts to sell it at a reasonable price. Claimant asserts his sale efforts, as shown, would so qualify. We disagree, but even assuming his position valid, we are pointed to no holding that requirements for different programs, with differing purposes, must be uniform. The statutory requirement of uniformity was abolished by 1971 amendment. 7 U.S.C. § 2014(b); see [1970] U.S. Code Congressional and Administrative News P.L. 91–671, § 4, at 6039. The provision we are considering here does not limit receipt of ANFC benefits, because ANFC recipients are automatically eligible for food stamps, without further computation of household resources. Welfare Assistance Manual § 2540.

Claimant's final argument is that the Board, in some manner, created an irrebuttable presumption (thereby invalid)

that all land owned by him is in fact an "accessible" resource and therefore disqualifying. *United States Department of Agriculture* v. *Murry*, 413 U.S. 508 (1973). We do not so read the record. The Board placed its emphasis upon the requirement that there be a *legal* impediment to sale of the property, not merely a practical one, but it is very apparent that, had such legal impediment been made to appear, the Board would have excluded the woodlot from accessible resources of the claimant. Even though the State had, as indicated, failed to regulate in conformity with the federal regulation, the Board applied that federal standard notwithstanding, and prejudice to the claimant does not appear.

Disregarding the certified question as not controlling, we will affirm the judgment below.

*Judgment affirmed.*