**In re Christopher Lee Fletcher, b/n/f Valerie Shepard**

[479 A.2d 134]

No. 83-554

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed May 25, 1984

*Charon A. True*, St. Albans, for Plaintiff-Appellant.

*Arthur A. Heald*, St. Albans, for Defendant-Appellee.

Gibson, J. Defendant has moved to dismiss plaintiff's appeal on the ground that plaintiff has not filed a certified question of law to be determined by this Court, as required by V.R.A.P. 13(c). For the reasons stated herein, we deny the motion.

V.R.A.P. 13(c) provides:

> (c) Record: Probate Appeals. In appeals from a probate court, the record on appeal shall consist of a certified copy of the proceedings appealed from, setting forth the questions of law to be determined by the Supreme Court.

This case, which involves a petition to change the name of a minor child, raises the sole issue on appeal of whether the probate court erred when it concluded that the divorced father had not abandoned the child. Although the issue has been joined in the briefs, the appellant has not filed a certified question of law.

In a parallel rule, V.R.A.P. 13(d) (recently amended*) provided as follows with respect to administrative appeals:

(d) Same: Administrative Appeals. In appeals from administrative boards or agencies, the record on appeal shall consist of the original papers and exhibits enumerated in 3 V.S.A. § 809(e); any transcript of oral proceedings made in accordance with 3 V.S.A. § 809(f); and a certified statement of the question or questions of law to be reviewed prepared by the commissioner or presiding officer of the board or agency.

In a tax appeal the Court addressed the lack of a certified statement of the question or questions of law required by the above rule as follows:

The record originally presented to this Court did not contain the certified statement of the questions of law to be reviewed, as required by V.R.A.P. 13. This is not a jurisdictional shortcoming. The Court may, at its option, allow the record to be completed by a subsequent filing of the certification. See *State* v. *Mahoney,* 126 Vt. 258, 259, 227 A.2d 401 (1967). Or, alternatively, the Court may go further and, under the authority of V.R.A.P. 2, dispense with the statement altogether, unless it is coupled to some statutory requirement such as 21 V.S.A. § 672. With no such limitation here, this Court is free to proceed with review in the absence of a statement of the legal issues from the agency, and elects to do so.

*Town of Barnet* v. *Central Vermont Public Service Corp.,* 131 Vt. 578, 580, 313 A.2d 392, 393 (1973). This approach was reaffirmed by the Court in an appeal from an order of the

* Effective February 2, 1981, V.R.A.P. 13(d) now requires a statement of the questions of law in administrative appeals only "where required by law."

Human Services Board where the question certified was so broad that the Court elected to disregard it entirely. *Hislop* v. *Department of Social Welfare*, 136 Vt. 205, 207, 388 A.2d 428, 429 (1978).

■ By way of further analogy, "a statement of the question or questions of law sought to be reviewed, . . . signed by the judge" is required by V.R.A.P. 5(a) and "a statement setting forth the question of law asserted to be controlling" is required by V.R.A.P. 5(b) whenever an interlocutory appeal is taken from superior or district court. In such cases, this Court is not necessarily limited to the issues certified by the trial court. *Bennett Estate* v. *Travelers Insurance Co.*, 140 Vt. 339, 344, 438 A.2d 380, 382 (1981); *State* v. *Carpenter*, 138 Vt. 140, 144–46, 412 A.2d 285, 288–89 (1980); Reporter's Notes, V.R.A.P. 5 (main volume, 1971).

■■ The purpose of a certified question is to assist the parties and the Court to focus in on the true issues of an appeal. *State* v. *Carpenter, supra*, 138 Vt. at 146, 412 A.2d at 289. No such assistance is required in this case; the issue is a simple one which has been fully dealt with in the parties' briefs. Therefore, we shall proceed to hear the appeal without requiring a certification of the questions of law. V.R.A.P. 2.

■ Less flexibility is available to litigants who appeal to superior court from probate court. V.R.C.P. 72(c) provides that the record on appeal in such cases shall include "a statement of the questions which the appellant desires to have determined" and that within the time provided. "the appellant shall file his statement of questions." Failure to comply with these requirements will result in dismissal of the appeal. *In re Estate of Seward*, 139 Vt. 623, 625, 433 A.2d 274, 275 (1981). However, in superior court an appellant is entitled to a trial de novo before either a jury or the court on the issues appealed from, V.R.C.P. 72(d), and the need for an explicit statement of the questions to be determined is more compelling in that forum.

*The motion to dismiss is denied.*