82

# In re Guardianship of L. B.

[510 A.2d 1319]

No. 84-554

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed April 18, 1986

*Biederman & Rakow, P.C.*, Rutland, for Appellant E. B.

*Janis M. Murcic, Madeleine Mongan,* and *Maryann Zavez,* Law Clerk (On the Brief), *Vermont Legal Aid, Inc.*, Brandon, for Appellee L. B. and guardian ad litem Henry Brislin.

*Cortland Corsones* of *Corsones & Hansen*, Rutland, for Appellees D. B. and V. B.

**Hill, J.** The narrow issue on appeal is whether the failure to file a statement of questions in accordance with V.R.C.P. 72(c) is a jurisdictional defect prohibiting the superior court from entertaining appellant's motion to amend her notice of appeal. See 12 V.S.A. § 2555 (authorizing appeal to superior court from decisions of a probate court).

The facts are not in dispute. Appellant E. B. filed a timely notice of appeal from a probate guardianship order in compliance with V.R.C.P. 72(a), but did not complete the record on appeal by

timely filing a statement of questions with the superior court. See
V.R.C.P. 72(c) ("The record on appeal shall consist of the papers
and exhibits filed in the probate court, a statement of the ques-
tions which the appellant desires to have determined, and any
transcript of the proceedings furnished by the parties."). On the
day set for trial, appellees moved to dismiss for failure to comply
with V.R.C.P. 72(c). Appellant moved to amend, and provided the
court with a statement of questions for review. The superior court
refused to allow the amendment on the grounds that appellant's
failure to complete the record in timely fashion was a jurisdic-
tional defect that restricted the court's power to hear the appeal.
Accordingly, the court granted appellees' motion to dismiss. We
reverse.

    ■ Vermont Rule of Civil Procedure 72 sets out the proce-
dural requirements to be followed in appeals from probate court.
Subsection (c) provides that a statement of the questions which
the appellant desires to have determined must be included in the
record within thirty days after filing of the notice of appeal.
V.R.C.P. 72(c).

    In *In re Estate of Seward*, 139 Vt. 623, 625, 433 A.2d 274, 275
(1981), the trial court dismissed contestant's appeal from probate
court for failing to file a statement of questions within the thirty-
day period. This Court affirmed the dismissal. In doing so, how-
ever, it simply found that the trial court did not abuse its discre-
tion is dismissing the appeal. *Id.*

    In *In re Fletcher*, 144 Vt. 419, 422, 479 A.2d 134, 136 (1984), we
noted that litigants are afforded less flexibility in appeals from
probate court because appellants are entitled to a trial de novo on
the issues appealed. We cited *Seward, supra,* to demonstrate the
dire consequences that can flow from a party's failure in this re-
gard. See *Fletcher, supra,* 144 Vt. at 422, 479 A.2d at 136. We did
not mean to suggest, however, that by failing to file a timely
statement of questions for review a litigant divested the superior
court of jurisdiction to hear his or her motion to amend. In short,
such failure is not "a jurisdictional shortcoming." See *Town of
Barnet* v. *Central Vermont Public Service Corp.,* 131 Vt. 578,
580, 313 A.2d 392, 393 (1973) ("Court may, at its option, allow the
record to be completed by a subsequent filing of the [certified
statement of review questions]").

    ■ A careful reading of the rules brings us to the same result.
Under V.R.C.P. 72(a), an appellant is required to file a notice of

appeal in the manner provided by V.R.A.P. 3 and 4. Appellate Rules 3 and 4 make clear that the timely filing of the notice of appeal is a jurisdictional requirement. Appellate Rule 3 further states: "Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the Supreme Court deems appropriate, which may include dismissal of the appeal." V.R.A.P. 3(b); see also Reporter's Notes, V.R.A.P. 3, at 254 ("timely filing of a notice of appeal is the only procedural step that is jurisdictional"). Thus, dismissal for failure to file a timely statement of questions in accordance with V.R.C.P. 72(c) is a matter within the sound discretion of the superior court; dismissal is not required on jurisdictional grounds.*

In this case, the trial court did not exercise its discretion in dismissing the appeal. Although the judge indicated his willingness to allow the amendment, he felt that *Seward, supra,* required him to dismiss the appeal on jurisdictional grounds. This was error, and the case must be remanded to the superior court for a rehearing on appellees' motion to dismiss and appellant's motion to amend.

We note in closing that, "absent a showing of prejudice, Vermont courts have traditionally followed a liberal policy in considering motions to amend" when the proposed amendment is neither frivolous nor made as a dilatory maneuver or in bad faith. *Stratton* v. *Steele,* 144 Vt. 31, 34, 472 A.2d 1237, 1238 (1984). Of course, in appeals from probate the appellant is entitled to a trial de novo on the issues appealed, and the appellant's failure to file a timely statement of the questions to be determined may well be

---

* Rule 72(c) further provides that an appeal from probate "shall be docketed and the record deemed complete as provided in [V.R.A.P.] 12 . . . ." Appellate Rule 12(c) provides that appellees may move to dismiss if appellant fails to cause timely completion of the record. Failure of the appellee to make a timely motion, however, will act as a waiver of the objection. See Reporter's Notes, V.R.A.P. 12(c); *Thurber* v. *Russ Smith, Inc.,* 128 Vt. 216, 217, 260 A.2d 390, 391 (1969). If completion of the record was a jurisdictional requirement, it could not be met by a waiver or agreement of the parties. See *Roddy* v. *Estate of Fitzgerald,* 113 Vt. 472, 476, 35 A.2d 668, 670 (1944).

prejudicial to the appellee. See *Fletcher, supra*, 144 Vt. at 422, 479 A.2d at 136.

*Reversed and remanded.*