# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
Vermont Unit                                         Docket No. 130-9-13 Vtec

---

Hovey Act 250 Permit

---

## ENTRY REGARDING MOTION

Title:          Motion to Dismiss (Motion 1)
Filer:          Gregory Hovey
Attorney:       Deborah T. Bucknam
Filed Date:     November 12, 2013

Response filed on 12/02/2013 by Attorney Hans Huessy for Appellants Robert and Toni Flanigan

**The motion is DENIED.**

Title:          Motion to Amend Statement of Questions (Motion 2)
Filer:          Robert Flanigan
Attorney:       Hans Huessy
Filed Date:     December 2, 2013

**The motion is GRANTED IN PART and DENIED IN PART.**

Robert and Toni Flanigan appeal the September 6, 2013 decision of the District Environmental Commission #7 (Commission) allowing Gregory Hovey to construct and operate a dog breeding facility in the Town of Victory, Vermont. Pending before the Court are Mr. Hovey's Motion to Dismiss and the Flanigans' Motion to Amend and Clarify their Statement of Questions. The Flanigans filed an opposition to the Motion to Dismiss on December 2, 2013. Mr. Hovey did not respond to the Flanigans' Motion to Amend.

The Flanigans filed their appeal pro se on September 30, 2013; they are now represented in these proceedings by Hans G. Huessy, Esq. (Notice of Appearance at 1, filed Nov. 19, 2013.) Mr. Hovey is represented by Deborah T. Bucknam, Esq. solely for the purpose of Mr. Hovey's motion to dismiss. (Amended Notice of Appearance at 1, filed Nov. 12, 2013.) The Vermont Natural Resources Board, represented by Melanie Kehne, entered its appearance as a party in this matter but has not filed a response to the pending motions.

### Motion to Amend and Clarify Statement of Questions

In their opposition to the Motion to Dismiss and in their unopposed Motion to Amend and Clarify Statement of Questions, the Flanigans address Mr. Hovey's assertion that the

original Statement of Questions does not raise Act 250 criteria for which the Flanigans were granted party status. The Flanigans assert that their original Statement of Questions, read in the context of their Notice of Appeal, raised criteria for which they were granted party status. They seek to amend their Statement of Questions, however, to eliminate any confusion regarding the criteria at issue in this appeal. The Flanigans assert that at this initial stage, no prejudice will result and judicial economy will be served by clarifying the issues to be decided.

"Like motions to amend a complaint under V.R.C.P. 15, motions to amend a [S]tatement of [Q]uestions are to be liberally granted, so long as they do not prejudice the other party . . . ." In re Ridgewood Estates Homeowners' Ass'n, No. 57-4-10 Vtec, slip op. at 7 (Vt. Super. Ct. Envtl. Div. Jan. 26, 2011) (Wright, J.). "Prejudice may exist, for example, where a motion to amend [is] submitted after trial, after a statement of questions [has] already been amended, or after a motion for summary judgment [has been] denied." In re All Metals Recycling, Inc. Discretionary Permit Application, No. 171-11-11 Vtec, slip op. at 10 (Vt. Super. Ct. Envtl. Div. Apr. 23, 2012) (Walsh, J.). Moreover, "[s]uch a motion is typically granted when it 'is neither frivolous nor made as a dilatory maneuver or in bad faith.'" Verizon Wireless Barton Act 250 Permit, No. 6-1-09 Vtec, slip op. at 11 (Vt. Envtl. Ct. Feb. 2, 2010) (Durkin, J.) (quoting In re Guardianship of L.B., 147 Vt. 82, 84 (1986)).

We first note that while the original Statement of Questions demonstrates some confusion regarding our scope of review, it appears to incorporate issues raised in the Notice of Appeal that relate to Criteria 1, 1(A), 1(B), 8, and 9(A). Amended Questions 1, 2, 3, 5, and 6 clarify the issues to be decided in this proceeding. These clarified issues are within our jurisdiction. Moreover, these questions relate to Criteria 1, 1(B), and 8, for which either one or both of the Flanigans were granted party status. Mr. Hovey has not alleged any prejudice, frivolousness, or bad faith, and we find none at this early stage in the proceedings.

We find, however, that Amended Questions 4 and 7 are beyond the scope of this Act 250 permit appeal. Question 4 asks whether Mr. Hovey is acting in compliance with the Act 250 permit, and Question 7 asks whether Mr. Hovey constructed the facility in compliance with the Site Plan approved by the Commission. Both questions are appropriate for an enforcement proceeding. Our review of the present appeal considers only whether the application complies with the Act 250 criteria at issue within the Amended Statement of Questions.

As to Amended Questions 1, 2, 3, 5, and 6 we **GRANT** the Flanigans' Motion to Amend and Clarify Statement of Questions. As to Amended Questions 4 and 7, we **DENY** the Flanigans' motion.

## Motion to Dismiss

Mr. Hovey makes three arguments in support of his motion to dismiss. First, Mr. Hovey argues that there was insufficient service of process because the Flanigans did not serve him with notice of their appeal in person or by certified mail. (Motion to Dismiss at 2, filed Nov. 12, 2013.) Second, Mr. Hovey argues that other than signing the appeal, the Flanigans failed to comply with any of the requirements for the contents of the notice of the appeal pursuant to Vermont Rule for Environmental Court Proceedings 5(b)(3). Id. at 2–3. Finally, Mr. Hovey

alleges that the entirety of the Flanigans' original Statement of Questions relates to issues outside the Act 250 criteria for which they were granted party status. Id. at 3–4.

In an appeal of a Commission decision, the appellant must serve a copy of the notice of appeal upon the Commission, all Friends of the Commission, any party by right as defined in 10 V.S.A. § 8502(5), any party who had party status as of the end of the Commission proceeding, and the Natural Resources Board. V.R.E.C.P. 5(b)(4)(B); 10 V.S.A. § 8504(c)(1). The appellant must also publish notice not more than 10 days later "in a newspaper of general circulation in the area of the project which is the subject of the decision." Id. Parties by right include the applicant, the landowner (if the applicant is not the landowner), the municipality in which the project is located, the municipal and regional planning commissions for that municipality, and any state agency affected by the proposed project. 10 V.S.A. § 8502(5).

In their opposition to Mr. Hovey's motion, the Flanigans allege that they misunderstood the notice rules regarding their appeal. Although they eventually realized they were responsible for providing notice to "interested parties," the Flanigans allege that they mistakenly believed that the group of interested parties in this appeal was limited to the interested persons before the Commission and did not include Mr. Hovey. (Appellants' Opposition to Applicant's Motion to Dismiss at 2, filed Dec. 2, 2013.); (Affidavit of Robert Flanigan at 2, filed Dec. 2, 2013.) The Flanigans further state that on October 23, 2013, they sent "Form 900" notices of their appeal and copies of their Statement of Questions to those whom they understood were interested parties. Id. The Flanigans argue that they should be allowed to cure any defects in the service of their notice of appeal because of their initial pro se status, their misunderstanding of the rule, and because Mr. Hovey will not be prejudiced.

"Our Rules note that '[f]ailure of an appellant to take any step other than the timely filing of the notice of appeal does not affect the validity of the appeal but is ground only for such action as the court deems appropriate.'" Choquette Zoning Permit Amendment, No. 199-9-08 Vtec, slip op. at 2 (Vt. Envtl. Ct. Jan. 7, 2009) (Durkin, J.) (quoting V.R.E.C.P. 5(b)(1)). While such action "may include dismissal of the appeal" under V.R.E.C.P. 5(b)(1), in light of the Flanigans' alleged confusion, we conclude that denying the opportunity to cure would be inappropriate here, particularly since Mr. Hovey received actual notice of the Flanigans' appeal of the Commission's decision. See Id. (finding dismissal inappropriate where service was untimely due to appellant's mistake but recipient had actual notice).

Nevertheless, we find the service of notice in this appeal deficient.[1] Thus, if the Flanigans wish to proceed with this appeal, they must send a new notice to all parties following all applicable statutes and our Rules, within twenty days of this Entry Order and file with the Court a certificate of service evidencing compliance with the notice requirements. Failure to meet these directives may be grounds for renewal of Mr. Hovey's motion for dismissal of the pending appeal, with prejudice.

---

[1] To date, the Flanigans have filed with the Court a copy of the notice block that appeared in the Caledonia Record on October 22, 2013 and one copy of a "Form 900 Notice to Interested Parties in Municipal Appeals," which seems to mischaracterize this matter as a municipal appeal and fails to identify any recipients.

Under our Rules, "a notice of appeal is a relatively simple document, and 'informality of form or title of the notice of appeal' will not result in dismissal."  In re Jim Sheldon Excavating, Inc., No. 54-4-09 Vtec, slip op. at 6 (Vt. Envtl. Ct. June 8, 2009) (Wright, J.) (quoting V.R.E.C.P. 5(b)(3)).  While the Flanigans' Notice of Appeal filed September 30, 2013 is less than exemplary in its clarity, it specifically identifies the permit number at issue and states that the Flanigans are "appealing this case" for the reasons stated.  Thus, we find that the contents of the timely filed Notice of Appeal do not create grounds for dismissal.

Finally, because we granted the Flanigans' Motion to Amend and Clarify, we consider the Amended Statement of Questions in addressing Mr. Hovey's concerns regarding the Act 250 criteria raised by the Statement of Questions.  As discussed above, although the original Statement of Questions may have been unclear in this regard, we find that Amended Questions 1, 2, 3, 5, and 6 clearly relate to Criteria 1, 1(B), and 8, for which either one or both of the Flanigans were granted party status.  Thus, the Statement of Questions is not grounds for dismissal.

For the reasons stated above, Mr. Hovey's Motion to Dismiss is **DENIED.**

_____                   _____March 6, 2014_____
Thomas G. Walsh, Judge                                                                     Date

Notifications:
Hans Huessy (ERN 1813), Attorney for Appellant Robert Flanigan
Hans Huessy (ERN 1813), Attorney for Appellant Toni Flanigan
Melanie Kehne (ERN 2561), Attorney for Interested Person Natural Resources Board
Deborah T. Bucknam (ERN 1391), Attorney for Appellee Gregory Hovey