*Auerbach v. State*, No. 359-6-14 Wncv (Teachout, J., February 25, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 359-6-14 Wncv** |

**CAROL AUERBACH**
    **Appellant**

    **v.**

**STATE OF VERMONT, OFFICE**
**OF PROFESSIONAL REGULATION**
    **Appellee**

## DECISION ON APPEAL

In the course of applying for her Vermont licensed nursing assistant license, which was granted, Ms. Auerbach reported that she had not been professionally disciplined before. The Board of Nursing later discovered that *it* had disciplined her licensed practical nurse license many years earlier. Several charges were specified against Ms. Auerbach due to the alleged misrepresentation. After a hearing, the Board found that she had misrepresented her disciplinary history and revoked her license.[1]

Ms. Auerbach then appealed to an Office of Professional Regulation (OPR) appellate officer. Before the appeal was heard, however, the OPR prosecuting attorney (the State) filed a motion to dismiss arguing that Ms. Auerbach's notice of appeal was not filed in a timely fashion because it was not *received* by OPR within the appeal period. The appellate officer agreed and dismissed the appeal. Ms. Auerbach then appealed to this court. The sole issue here is whether Ms. Auerbach filed her notice of appeal with OPR within the 30-day appeal period following the Board's disciplinary decision.

*Facts*

The appellate officer took evidence on this issue.[2] Both Ms. Auerbach and Ms. Amaral, the OPR docket clerk, testified. The appellate officer found that Ms. Amaral told Ms. Auerbach that she could file her notice of appeal by fax and, if she did, she should follow up with a hardcopy. A few days before the 30-day appeal period ran, Ms. Auerbach faxed her notice of appeal to OPR's fax machine but did not follow up the fax with a hardcopy. That she faxed her notice of appeal was documented both by her testimony at the hearing and a printed fax receipt

---

[1] Due to a technical malfunction, no transcript of the hearing before the Board exists.

[2] Evidence was taken at a "preliminary pre-hearing conference." Conference Transcript 2. The parties were not warned that the motion to dismiss would be addressed or that evidence would be taken. For that reason, the appellate officer sought the parties' assent to address the motion at that time rather than later when they would have known to be prepared. As the transcript reflects, most of the conference then was consumed by Ms. Auerback's confusion or indecision about how to proceed and her ambiguous responses to the appellate officer's repeated requests for assent. Ms. Auerbach eventually appeared to assent.

showing that she successfully sent a fax to OPR's fax machine within the appeal period. However, at the time the fax was transmitted, Ms. Amaral was on vacation. When she returned, there was no evidence in the office that anyone had Ms. Auerbach's faxed notice of appeal. Ms. Auerbach, upon learning this, immediately sent in a hardcopy of her notice of appeal but by then the appeal period had expired. The late notice of appeal did not include a statement of questions. Based on these facts, the appellate officer concluded that Ms. Auerbach had failed to file her notice of appeal in a timely fashion and granted the motion to dismiss.

In arguing the motion to dismiss, the State took the position that there was no timely notice of appeal because the faxed notice was not *received*. The lack of receipt was documented by Ms. Amaral's testimony that the faxed notice of appeal was not placed in Ms. Auerbach's file or otherwise brought to Ms. Amaral's attention.

*Analysis*

Ms. Auerbach had 30 days to file her notice of appeal. 3 V.S.A. § 130a(a). OPR's Administrative Rules of Practice provide: "Regardless of the method of delivery employed, filing occurs only upon receipt by the Docket Clerk or the hearing authority, as the case may be." Vt. Admin. Code 20-4-3:3.6(c) (emphasis added).

There is no dispute that the notice of appeal was faxed to the correct fax number (as the fax receipt documents) with OPR's express permission within the appeal period. Nevertheless, the State argued and the appellate officer ruled that the notice was not *received* because it did not, for whatever reason, get placed in Ms. Auerbach's file or otherwise make it into the actual possession of the docket clerk. This understanding of "receipt" is foreclosed by *Coles v. Coles*, 2013 VT 36, ¶¶ 7–8, 193 Vt. 605 (concluding that "receipt" for purposes of V.R.A.P. 4 means when the thing arrives at its destination, not when the person to whom it is addressed takes actual possession of it). Receipt refers to delivery. The court sees no reason that the concept of receipt should be any different here. See Vt. Admin. Code 20-4-3:2.4 (incorporating V.R.A.P. 4). The notice of appeal was received when it was successfully faxed. That it might have gotten lost thereafter and not made it to the file or the docket clerk is irrelevant.[3] That it was successfully faxed was established as a matter of fact.

The appellate officer also noted that Ms. Auerbach did not submit a statement of questions, did not send copies of her filings to the OPR prosecuting attorney, and did not follow up the faxed notice of appeal with a paper notice of appeal as instructed. None of these issues appears to be jurisdictional, however. Statements of questions generally are not jurisdictional. *In re Guardianship of L.B.*, 147 Vt. 82, 84 (1986) (noting that the failure to timely file a statement of questions for appellate review does not require dismissal on jurisdictional grounds). Pro se parties often fail to copy other parties on their filings yet their cases typically are not

---

[3] To the extent that one might question whether the fax, though successfully sent to the OPR fax machine, nevertheless did not arrive there (if that is possible), the issue would be akin to a paper notice getting lost in the mail. Lost mail is an ordinary, legitimate basis for excusable neglect. See *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800 (7th Cir. 2011) ("The term 'excusable neglect' . . . refers to the missing of a deadline as a result of such things as misrepresentations by judicial officers, lost mail, and plausible misinterpretations of ambiguous rules." (citation omitted)). Ms. Auerbach filed her paper notice of appeal as soon as she learned that OPR did not have her faxed notice.

dismissed as a result.  The failure to file a paper notice of appeal as a follow up to the faxed notice of appeal did not comply with Ms. Amaral's instructions but was not jurisdictional.  There is no dispute that Ms. Auerbach was given permission to file her notice of appeal by fax.  OPR was not required to allow that, but it chose to do so.

Ms. Auerbach's notice of appeal was timely.  The State's motion to dismiss was granted in error.

## ORDER

For the foregoing reasons, the decision of the appellate officer dismissing the appeal is reversed.  This case is remanded to the appellate officer for further proceedings consistent with this decision.

Dated at Montpelier, Vermont this 24th day of February 2015.

_____
Mary Miles Teachout,
Superior Judge

3