NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2016 VT 3

No. 2015-181

| | |
|---|---|
| In re Joseph Bruyette | Supreme Court |
| | On Appeal from<br>Superior Court, Rutland Unit,<br>Civil Division |
| | September Term, 2015 |

Cortland Corsones, J.

Joseph Bruyette, Pro Se, Baldwin, Michigan, Petitioner-Appellant.

William H. Sorrell, Attorney General, and John Treadwell, Assistant Attorney General, Montpelier, Respondent-Appellee.

Matthew F. Valerio, Defender General, and Emily Tredeau, Prisoners' Rights Office, Montpelier, for Amicus Curiae Defender General.


PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.


¶ 1.     **PER CURIAM.**  This motion calls upon us to consider whether we should adopt the "prison mailbox rule" and hold that a notice of appeal is deemed filed for purposes of Vermont Rule of Appellate Procedure 4 when an unrepresented incarcerated inmate delivers it to the prison authorities for forwarding to the court clerk. Houston v. Lack, 487 U.S. 266, 276 (1988). We previously dismissed petitioner's appeal in this case on the ground that he did not timely file his notice of appeal, and petitioner filed a motion to reconsider. For the reasons stated below, we adopt the prison mailbox rule and vacate the dismissal.

¶ 2.     At the time of the events leading to this appeal, petitioner was incarcerated in Beattyville, Kentucky, where he was serving a 23½-year sentence resulting from 1989 convictions for burglary and sexual assault.[1]  See State v. Bruyette, 158 Vt. 21, 604 A.2d 1270 (1992).  On August 29, 2014, he filed a motion to vacate or correct his sentence with the Criminal Division of the Rutland Superior Court.  Petitioner argued that when he was sentenced, the district court in Rutland lacked jurisdiction to sentence him because venue for his underlying trial had been transferred to Windham County.  The Criminal Division of the Rutland Superior Court rejected this argument and dismissed petitioner's motion on October 8, 2014, concluding that the Vermont District Court was a court of statewide jurisdiction.[2]  Even if the Rutland District Court's earlier sentencing had violated the then-existing venue order, that would not have affected the general jurisdiction of the district court over the subject matter.  The Criminal Division denied both of petitioner's motions to reconsider, and petitioner did not appeal those decisions.

¶ 3.     On August 26, 2014, around the same time that petitioner filed his motion in Rutland, he filed an identical motion to vacate or correct an illegal sentence in the Criminal Division of the Windham Superior Court.  The Windham Criminal Division transferred the motion to the Rutland Superior Court for docketing.  Apparently viewing the motion as a request for post-conviction relief, the Rutland Superior Court docketed the motion in the Civil Division.  The Rutland Civil Division then dismissed the motion on March 4, 2015, concluding that the question raised by petitioner's motion had been resolved by the Criminal Division's October 8, 2014 Order.

---

[1]  Petitioner has since been transferred to a facility in Michigan.

[2]  On July 1, 2010, the district court as it formerly existed was redesignated as the criminal division of the superior court.  Act No. 154 (2009, Adj. Sess) § 237(b)(3).

¶ 4. Petitioner, who was unrepresented, filed an appeal of the March 4, 2015 dismissal directly with the Vermont Supreme Court. See V.R.A.P. 4(a)(5) ("If a notice of appeal is mistakenly filed in the Supreme Court, the Supreme Court clerk will indicate on the notice the date when it was received and forward it to the superior court clerk. The notice is considered filed in the superior court on the date so noted."). Petitioner's transmittal letter to the Court was dated March 27, 2015. But this Court did not receive the notice until April 6, 2015—one day past the filing deadline. V.R.A.P. 4(a)(1) (requiring notice of appeal to be filed "within 30 days after entry of the judgment or order appealed from").

¶ 5. We dismissed the appeal as untimely. See In re Guardianship of L.B., 147 Vt. 82, 84, 510 A.2d 1319, 1321 (1986) (observing that timely filing of notice of appeal is a jurisdictional requirement). Petitioner sought reconsideration of our dismissal, asserting that he had provided the notice to prison officials for mailing on March 27, 2015, and that he had no control over the private prison's mailing practices. He invoked the "mailbox rule." Recognizing that this Court had not previously decided whether the "prison mailbox rule," applicable with respect to the Federal Rule of Appellate Procedure 4, applies under Vermont Rule of Appellate Procedure 4, we directed the State to file a memorandum in response to petitioner's motion to reconsider, and invited the Defender General to submit a friend-of-the-court brief. The Defender General argued that Vermont should adopt the rule, and the Attorney General indicated that the State of Vermont does not object to applying the rule, although the State argued that this appeal should be dismissed on other grounds.

¶ 6. Vermont Rule of Appellate Procedure 4(a)(1) requires that a notice of appeal "be filed with the superior court clerk within 30 days after entry of the judgment or order appealed from." Applying the nearly identical federal rule, Federal Rule of Appellate Procedure 4(a)(1),

3

the United States Supreme Court concluded that a notice of appeal was deemed filed at the time an unrepresented inmate delivered it to prison authorities for forwarding to the court clerk. Houston, 487 U.S. at 276.  The Court explained its reasoning:

> The situation of prisoners seeking to appeal without the aid of counsel is unique.  Such prisoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the court clerk receives and stamps their notices of appeal before the 30-day deadline.  Unlike other litigants, pro se prisoners cannot personally travel to the courthouse to see that the notice is stamped "filed" or to establish the date on which the court received the notice.  Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the pro se prisoner is forced to do so . . . .  And if other litigants do choose to use the mail, they can at least place the notice directly into the hands of the United States Postal Service (or a private express carrier); and they can follow its progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice at the last moment or that their monitoring will provide them with evidence to demonstrate either excusable neglect or that the notice was not stamped on the date the court received it.  Pro se prisoners cannot take any of these precautions; nor, by definition, do they have lawyers who can take these precautions for them.

Id. at 270-71.

¶ 7.    We find the reasoning in Houston persuasive.  As many courts across the country have held in applying the prison mailbox rule under their own procedural rules, "it would be unfair to hold . . . defendant accountable for the vagaries . . . of the prison mail system." Commonwealth v. Hartsgrove, 553 N.E.2d 1299, 1302 (Mass. 1990); see also Ex parte Williams, 651 So. 2d 569, 571 (Ala. 1992); Mayer v. State, 908 P.2d 56, 58 (Ariz. Ct. App. 1995); In re Jordan, 840 P.2d 983, 992 (Cal. 1992); Haag v. State, 591 So. 2d 614, 617 (Fla. 1992); Setala v. J.C. Penney Co., 40 P.3d 886, 889-91 (Haw. 2002); Munson v. State, 917 P.2d 796, 799-800 (Idaho 1996); Dowell v. State, 922 N.E.2d 605, 607 (Ind. 2010); Taylor v. McKune, 962 P.2d

4

566, 569-70 (Kan. Ct. App. 1998); State ex rel. Egana v. State, 771 So. 2d 638, 638 (La. 2000); Sykes v. State, 757 So. 2d 997, 1000-01 (Miss. 2000); Kellogg v. Journal Commc'ns, 835 P.2d 12, 13-14 (Nev. 1992) (per curiam); Woody v. State ex rel. Dep't of Corrs., 833 P.2d 257, 259 (Okla. 1992); Hickey v. Oregon State Penitentiary, 874 P.2d 102, 104-05 (Or. Ct. App. 1994); Commonwealth v. Jones, 700 A.2d 423, 426 (Pa. 1997).

¶ 8.    Based on the foregoing, we adopt the prison mailbox rule and hold that an unrepresented prisoner is deemed to have filed a notice of appeal at the time it is delivered, properly addressed, to the proper prison authorities to be forwarded to the clerk of the court. We defer to the Civil Rules Committee to propose appropriate amendments to the Vermont Rules of Appellate Procedure to facilitate application of the rule in the context of Vermont's corrections system and practices, including the possible adoption of electronic filings by prisoners.[3]

¶ 9.    We need not remand this case for a factual determination by the trial court because the timeliness of petitioner's submission of his notice of appeal to the appropriate prison officials is apparent and indisputable from the record. Judgment below was entered on March 4, 2015, so petitioner was required to file his notice of appeal by April 3, 2015, which was a Friday. The Vermont Supreme Court received the notice by regular mail on Monday, April 6. There is no way the notice could have been docketed in the Vermont Supreme Court by Monday, April 6 if it had not been mailed from Kentucky by Friday, April 3, at the very latest—meaning

---

[3] After Houston, the Federal Rules of Appellate Procedure were amended to codify and define the parameters of the prison mailbox rule. See United States v. Craig, 368 F.3d 738, 740 (7th Cir. 2004). A new subsection was added that outlined the contours of the rule, and made explicit that the rule applied specifically to defendants presently incarcerated. See F.R.A.P. 4(c); see also Reporter's Notes—1993 Amendment, F.R.A.P. 4(c).

petitioner necessarily provided the notice to prison officials on or before that date. Accordingly, the notice of appeal was timely filed.[4]

Petitioner's motion to reconsider our dismissal of his appeal is granted, and his appeal is reinstated. The Court will issue a scheduling order under separate cover.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

---

[4] This decision deals only with petitioner's motion to reconsider our dismissal of his appeal on the ground of untimeliness, so we have not addressed the alternate grounds for dismissal argued by the State. Any alternate arguments for dismissal may be raised by separate motion.