Filed 01/03/25

VERMONT SUPERIOR COURT

Orange Unit
5 Court Street
Chelsea VT  05038
802-685-4610
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-04061

| In re: Byron Bennett |

# ENTRY REGARDING MOTION

Title:        Motion to Reopen  (Motion: 4)
Filer:        Leslie Farnham
Filed Date:   December 27, 2024

The motion is DENIED.

On September 6, 2023, the Probate Division of the Orange County Superior Court issued a final order terminating Appellant Leslie Farnham's guardianship over her grandson in favor of restoring father Steven Bennett, Jr.'s parental rights and custody over the child.

Ms. Farnham filed a timely notice of appeal on September 20, 2023 with the Civil Division of the Orange County Superior Court as allowed under 14 V.S.A. § 3080.  Appellant Farnham's notice, while timely, was not in compliance with Vermont Rule of Civil Procedure 72, which governs appeals from the Probate Division.  Specifically, Rule 72(c) requires a party seeking to appeal a probate decision to file a "statement of questions."  Appellant appears to have struggled with this obligation and has repeatedly filed questions that she would like to pose to parties and witnesses, but a "statement of questions" is not a list of questions to ask other but rather a statement that helps both the court and parties focus on what parts of the underlying decision are being appealed and contested.  *In re Fletcher*, 144 Vt. 419, 422 (1984).  This is because an appeal is by its nature focused on challenging specific parts of the decision from the lower forum.  Id.; see also *In re Guardianship of L.B.*, 147 Vt. 82, 83–84 (1986) (noting that dismissal for failure to file a statement of questions under V.R.C.P. 72 lies within the discretion of the trial court).

By way of example, a probate court may review and allow a will and appoint an executor who decides to sell the decedent's house.  A party taking an appeal may not like the will's terms or the executor, but they recognize that the decedent made those choices, but the appellant also has legal grounds to challenge the decision to sell the house as being inconsistent with the law or the decedent's intent.  A statement of questions will make it clear that the appealing party is focused on

challenging the probate court's approval of the request to sell and not the decision to allow the will or appoint the executor.

Between November 2023 and July 2024, Appellant missed several hearings in this matter and attempted but failed to file a valid statement of questions in compliance with both specific court orders and V.R.C.P. 72(c). Appellant's last filing with the Court was on March 13, 2024. While Appellant claims she did not receive notice of subsequent hearings, the record shows that notice was sent to Appellant's contact information on file with the Court and that Appellant would respond to various notices and court orders.

On July 29, 2024, the Court held a status conference in this matter. Notice of this hearing had been sent to the parties on July 1, 2024. At this hearing, no party appeared. The Court issued an Entry Order on July 30, 2024 notifying the parties that unless a written opposition was filed on or before August 15, 2024, the Court would dismiss the present appeal with prejudice. V.R.C.P. 41(b). The Court received no filings within the allotted time, and on September 2, 2024, the Court dismissed the appeal with prejudice under V.R.C.P. 41(b) for failure to prosecute.

Four months after this dismissal, Appellant has filed a motion to re-open. Appellant's motion is more properly characterized as a motion for relief, which would fall under V.R.C.P. 60(b). Under this rule, a party may seek relief from a judgment or order if the party can demonstrate one of bases for relief ((1) excusable neglect; (2) newly discovered evidence; (3) fraud; (4) void judgments; (5) satisfaction of judgment; or (6) other reasons justifying relief) V.R.C.P. 60(b).

Given the lack of any argument or evidence that would support a motion under (2), (3), (4), or (5), the Court can only consider Appellant's motion under the umbrella of excusable neglect or other reasons justifying relief. To the issue of excusable neglect, the Vermont Supreme Court has ruled that this is a very narrow avenue of relief where the party seeking relief must show that the neglect occurred completely outside of their control, that there is little or no prejudice to the other party, and that the moving party acted with due diligence in pursuit of their rights. *In re Town of Killington*, 2003 VT 87A, ¶ 16.

In this case, Appellant cannot meet any of the three standards necessary for excusable neglect. The Court's records show that notice of the July 29, 2024 hearing was sent to Appellant, as was the Court's subsequent Order. Even if they were not, Appellant admits to having received the September 2, 2024 dismissal. There is no explanation or reason why Appellant was unable to seek

relief for an additional 4 months. Second, the risk of prejudice is high. The child at the heart of this matter has been in the custody and care of his father for a year and a half. Any and all delay to this appeal puts both the Child and Father in a position of uncertainty that is harmful to them and to their relationship. Third, there is no evidence to support that Appellant has acted in good faith and due diligence in pursuit of this appeal. The failure to follow up with the Court for four months after the dismissal is compounded by the fact that this filing comes nearly 7 months from the original hearing that sparked the dismissal and 9 months after her last activity in this appeal.

For these reasons, the Court finds no basis under V.R.C.P. 60(b)(1) to grant Appellant the relief that she seeks in her motion to re-open.

As to Appellant's eligibility for relief under V.R.C.P. 60(b)(6), there is no evidence of a compelling reason to re-open. The only salient reasons provided in Appellant's filing fall under Rule 60(b)(1), and the Court cannot use the standards of subsection (b)(6) to substitute. *Pierce v. Vaughan*, 2012 VT 5, ¶¶ 10, 11.

For these reasons, the Court finds no basis under V.R.C.P. 60(b)(6) to grant Appellant the relief she seeks in her motion to re-open.

As an additional point, the Court will further note that its September 2, 2024 dismissal could also have been premised on Appellant's failure to comply with Rule 72, which is sufficient grounds for dismissal. *In re Guardianship of L.B.*, 147 Vt. at 83–84. Given that Appellant has effectively re-filed the same non-complying statements as part of her present efforts to revive this appeal, the Court finds that even if it granted the relief sought, it would still be obligated to dismiss the appeal for Plaintiff's continuing failure to comply with Rule 72.

## ORDER

Based on the foregoing, Appellant's motion to re-open is **Denied**. Appellant's concurrently filed motions for subpoenas and other relief are **Denied**. The appeal in this matter remains **Denied** and **Closed**.

Electronically signed on 1/2/2025 6:04 PM pursuant to V.R.E.F. 9(d)

Daniel Richardson
Superior Court Judge