79 So.2d 45

Curtis SMITH

v.

Willie Hendison CHISM.

6 Div. 729.

Supreme Court of Alabama.

March 31, 1955.

418

A. H. Nichols, Ensley, and J. L. Drennen, Birmingham, for appellant.

G. Ernest Jones, Fred Blanton, Beddow & Jones, Birmingham, for appellee.

LAWSON, Justice.

Sallie W. Davis died in Birmingham on or about December 17, 1953, leaving a will wherein she left all of her property, with the exception of a piece of furniture, to her adopted son, Jerre Lawrence Davis, a minor.

In the said will Sallie W. Davis expressed the desire that Curtis Smith be appointed executor without bond and that he also be appointed guardian of Jerre Lawrence Davis during his minority.

On December 28, 1953, a verified petition was filed in the probate court of Jefferson County signed by Willie Hendison Chism, bearing the caption: "Petition of: Willie Hendison Chism, Route 1, Box 14, Birmingham, Alabama," and containing the following averments: "Your petitioner further avers that he is the step-father of Sallie W. Davis, married to the mother of Sallie W. Davis, who is now living and that he together with his wife, are the custodians of said Jerre Lawrence Davis and that he files this petition in order to protect the rights and interests of said Jerre Lawrence Davis, and as the next friend of said Jerre Lawrence Davis." This petition sought the probation of said will and also sought to have someone other than Curtis Smith appointed executor on

the ground that he had interests so adverse to those of the creditors and of Jerre Lawrence Davis as to render him incompetent to serve in that capacity. The instrument propounded for probate was surrendered to the probate court at the time this petition was filed.

Thereafter, on January 31, 1954, Curtis Smith filed his petition seeking to propound the same instrument for probate and he also filed on that date a plea in abatement wherein he challenged the jurisdiction of the probate court of Jefferson County to entertain the petition signed and verified by Chism on the ground that Chism was not such a person as is authorized by § 33, Title 61, Code 1940, to prove the will. Section 33, Title 61, supra, reads: "Upon the death of a testator, any executor, devisee, or legatee named in the will, or any person interested in the estate, or who has custody of such will may have the will proved before the proper probate court."

Chism thereupon, with permission of the court, amended the petition filed on December 28, 1953, so as to make the caption read: "Petition of Jerre Lawrence Davis, an infant under fourteen years of age, acting by and through his custodian and next friend, Willie Hendison Chism, Route 1, Box 14, Birmingham, Alabama."

On the same day, January 21, 1954, the probate court ordered that the 4th day of February, 1954, be set as the day for hearing the petition filed by Curtis Smith and the hearing on the amended petition signed and verified by Chism.

On the day set, a hearing was held and the probate court took the matter under advisement and rendered a decree on March 4, 1954, overruling the plea in abatement filed by Curtis Smith and in effect ordering that on the petition of Willie Hendison Chism, as next friend of Jerre Lawrence Davis, a minor, the written instrument surrendered to the court by Chism on December 28, 1953, be admitted to probate as the last will and testament of Sallie W. Davis. No express reference is made in the decree to Smith's petition or to the prayer of the so-called Chism petition seeking to have someone else other than Smith appointed executor.

On March 4, 1954, Smith filed his petition for letters testamentary. However, as far as we can ascertain from the record before us Smith, on March 23, 1954, took an appeal to this court from the decree of March 4, 1954, without the probate court having acted on his petition for letters testamentary.

The cause was submitted here on the merits and on motions to dismiss the appeal.

■ We do not think the motions to dismiss the appeal are well taken. The decree of March 4, 1954, is in our opinion a final decree from which appeal may be taken to this court under the provisions of § 775, Title 7, Code 1940. Unlike the situation presented in the case of Griffin v. Milligan, 177 Ala. 57, 58 So. 257, there are adversary parties to the instant appeal. The procedure adopted by Smith in filing his plea in abatement is in accord with the expression of this court in the case of Woodruff v. Hundley, 127 Ala. 640, 29 So. 98. And while an appeal could not be taken from an order merely overruling the plea in abatement, we think an appeal does lie from the order admitting the will to probate after proper objection had been made to that action by the person named as executor in the instrument sought to be probated. Nor do we think there is any merit in the contention that the appeal should be dismissed because prior to taking the appeal Smith filed his petition for letters testamentary.

■ By this appeal Smith seeks to have us reverse the decree of March 4, 1954, not because the instrument admitted to probate was not proven to be the genuine last will and testament of Sallie W. Davis, but merely on the asserted ground that the will was admitted to probate on the petition of one without authority to have the will probated.

Even if it be conceded, which we do not, that the so-called Chism petition, as amend-

420

ed, was not sufficient to authorize the probate of the will, it does not follow that the decree of the probate court of March 4, 1954, should be set aside by this court on the record before us.

Smith concedes the validity of the will, admits that it should have been probated, and as shown above filed a petition to attain that end, which was before the probate court at the time the decree appealed from was rendered.

Under such circumstances, we would not be justified in reversing the decree appealed from merely because it contains language to the effect that the order admitting the instrument to probate was based on the so-called Chism petition, as amended.

The motions to dismiss the appeal are denied. The decree of the probate court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.