## In re Estate of Amy B. Wells

[333 A.2d 101]

No. 197-73

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed February 4, 1975

*Rodney F. Vieux, Esq.*, Johnson, for Dale Wells, Duane Wells, David Wells, Douglas Wells and Kathleen Wells.

*Richard E. Davis Associates*, Barre, for Eleanor Orr and Mervin Wells.

**Daley, J.** This case is here on appeal from probate and county court proceedings involving the probate of the estate of Amy Wells, a domiciliary of Washington County in the State of Vermont. Her purported last testament and an accompanying codicil were presented to the probate court in the district of Washington on March 30, 1971. These testamentary documents after hearing were allowed on April 16, 1971. Notice of the hearing was given by publication, in the Times-Argus, a newspaper of general circulation in the central Vermont area, pursuant to the provisions of 14 V.S.A. § 107.

At the time of the allowance of the will, one of the legatees, Kathleen Wells, was a minor residing in New York. No guardian *ad litem* was appointed to represent her during the remainder of her minority, which ended on July 1, 1971, pursuant to 1 V.S.A. § 172. On March 13, 1972, some eight months after

attaining majority status, Kathleen Wells filed a petition to set aside the decree allowing the will which charged that undue influence was exerted upon the testatrix and that the petitioner was a minor and was not given proper notice nor represented by legal counsel in the probate proceedings. Without notice of a dismissal sent to the parties, this petition was dismissed for lack of progress on November 13, 1972, at which time a decree of distribution was issued by the probate court.

Kathleen Wells and her brothers, Duane, David, Dale, and Douglas, grandchildren of the testatrix and legatees under the will, filed a notice of appeal from the probate order dismissing the minor's petition in the Washington County Court pursuant to 12 V.S.A. § 2555 which allows a person, interested in a probate order or decree, who considers himself injured thereby, to appeal to the county court. The notice of appeal was filed on December 11, 1972, and on December 12, 1972, it was discontinued and a new notice of appeal was submitted. On April 26, 1973, after pre-trial conference, the Washington County Court granted the appellees' motion to dismiss by default, grounding the dismissal on a lack of jurisdiction created by the untimeliness of the appeal brought by appellants. The county court also found that the petitioner had received all forms of notice required by the statute. Appellants' motion to reconsider judgment was also denied; final judgment was entered on September 4, 1973, and certified back to the probate court. The appellants appeal to this Court pursuant to 12 V.S.A. § 2551.

In granting the appellees' motion to dismiss, the Washington County Court found that it lacked jurisdiction because of the untimely appeal. The appeal procedures governing the opportunity for a trial de novo at the county court level are governed by V.R.C.P. 72. V.R.C.P. 72 and V.R.A.P. 3 and 4 require that an appellant must file a notice of appeal within thirty days of the date of the entry of the order appealed from. V.R.A.P. 4(a). The order or decree appealed from must be final in order to properly resort to 12 V.S.A. § 2555. *In re Estate of Webster*, 117 Vt. 550, 552, 96 A.2d 816 (1953). Appellants' notice of appeal from the dismissal of the minor's petition was filed within thirty days of the final probate decree. Since the appeal was filed in a timely manner, the county court erroneously found that the appeal was out of time.

The county court has jurisdiction that is coextensive with the probate court. By the appeal the county court was called upon to adjudicate in the first instance whether or not the petition to vacate and set aside the decree of the probate court should be dismissed for lack of progress. If this matter should be decided adversely to the appellant, then the action of the probate court would be affirmed and the cause remanded. On the other hand, if after hearing the court determines otherwise, then it should proceed to hear de novo the matters raised in the petition, which was filed prior to distribution being made. *See Hotchkiss* v. *Ladd's Estate*, 62 Vt. 209, 19 A. 638 (1890). By failing to hear the case and make factual findings, the county court improperly denied appellants the benefit of its jurisdiction over matters of probate as guaranteed by Chapter 107 of Title 12, V.S.A.

Involved here are statutory notice requirements, the need of a guardian for a minor in probate proceedings, and the validity of orders and decrees made without personal notice or an appropriate guardian. These important questions, among others contained in the appellants' appeal to the county (superior) court, have not, in our view, been adjudicated below and are not for our review unless and until such adjudication has been made. No hearings having been held at any time upon her petition, Kathleen Wells has never had her day in court to which she is rightfully entitled.

*The order of the Washington County Court is reversed, and the cause remanded for further proceedings consistent with the procedure indicated in the opinion.*