### In re Estate of Charles R. Seward

[433 A.2d 274]

No. 255-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed June 2, 1981

*John J. Welch, Jr.,* Rutland, for Appellants.

*Bartley J. Costello* and *S. Stacey Chapman* of *Webber and Costello,* Rutland, for Defendant.

**Billings, J.** This is an appeal by Ralph and Helen Seward (contestants) from the allowance of the will of Charles R. Seward.

The testator died on April 3, 1978, and the named executor presented to the Rutland Probate Court a will dated July 8, 1974. The contestants appeared and contested the will on the asserted ground that the will was executed while the testator was under guardianship. The contestants sought to have a will dated November 12, 1973, admitted to probate, in which the contestants were legatees. After hearings, the probate court allowed the 1974 will. The contestants appealed to the Rutland Superior Court in accordance with 12 V.S.A. § 2555. The executrix moved to dismiss the appeal on the ground that there was no final judgment, and after hearing, the trial court dismissed the appeal on the ground that the order allowing the 1974 will was not a final order, and that the contestants' notice of appeal did not contain a statement of the questions to be considered on appeal as required by V.R.C.P. 72(c). The contestants appeal this dismissal.

12 V.S.A. § 2555 provides as follows:

> Except as otherwise provided, a person interested in an order, sentence, decree or denial of a probate court, who considers himself injured thereby, may appeal therefrom to the [superior] court.

Under our case law, an interested party may only take an appeal from the probate court if the order appealed from is final as to the subject matter before the court. *In re Estate of Wells,* 133 Vt. 159, 160, 333 A.2d 101 (1975); *In re Estate of Webster,* 117 Vt. 550, 553, 96 A.2d 816 (1953). An order admitting a will to probate is generally considered to be an appealable final order. See, e.g., *Smith* v. *Chism,* 262 Ala. 417, 79 So. 2d 45 (1955); *In re Burnett's Estate,*

11 Cal. 2d 259, 79 P.2d 89 (1938); *Krick v. Farmers & Merchants Bank,* 151 Ind. App. 7, 279 N.E.2d 254 (1972); *In re Estate of Pennington,* 154 Kan. 531, 119 P.2d 488 (1941). The trial court was in error in dismissing the probate appeal on the ground of the lack of a final judgment, but this error does not require reversal.

■ V.R.C.P. 72(c) provides that the record on appeal shall contain "a statement of the questions which the appellant desires to have determined," and that within the time provided, "the appellant shall file his statement of questions." V.R.C.P. 72(d) provides that "[t]he questions contained in the appellant's statement of questions shall be tried to a jury if one is demanded . . . . Otherwise such questions shall be tried to the court." In the case at hand, the contestants' notice of appeal did not contain such a statement of questions, but only stated that "the will should not have been allowed and that rather, instead, a prior will of Charles R. Seward should be allowed." This is insufficient to comply with the rule, and the trial court was without error in dismissing the appeal on this basis.

■ In addition, even if the dismissal for noncompliance with V.R.C.P. 72(c) was incorrect, that error has been waived on the appeal to this Court by the appellants' failure to brief the issue. *Pine Haven North Shore Association v. Nesti,* 138 Vt. 381, 385, 416 A.2d 147 (1980); *In re Smith, Bell & Hauck Real Estate, Inc.,* 132 Vt. 295, 300, 318 A.2d 183 (1974).

*Affirmed.*