## Barbara K. Segerstrom v. Hon. Robert P. Wells, Judge of Probate, District of Orleans; State of Vermont; Donald Knott and Pauline Knott

[501 A.2d 1193]

No. 84-205

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed October 4, 1985

*Theriault & Joslin, P.C.*, Montpelier, for Plaintiff-Appellee.

*Vincent Illuzzi*, Orleans, for Defendant-Appellant Pauline Knott.

**Per Curiam.** On January 12, 1983, the executrix of Clyde Knott's estate, Barbara K. Segerstrom, petitioned the Orleans Probate Court for a license to sell real property, such power being expressly conferred by the testator's will. 14 V.S.A. § 1653(b). In her petition, the executrix excepted the dwelling house wherein appellant resided as is required by statute. The probate court stayed decision on the petition pending the appellant's appeal of the probate court's decision to disallow her claim against the estate. The executrix then filed for a writ of mandamus in the superior court directing the judge of the probate court to issue the license. Appellant claimed that the probate court's stay was a final order and that the executrix's sole remedy lay in an appeal. In the alternative, appellant argued that the act of issuing a license was not subject to mandamus. The superior court found for the executrix. We affirm.

First, we note that mandamus was an appropriate avenue of relief. The matter before the probate court, the petition for a license to sell real estate, was not finally disposed of, *In re Estate of Seward,* 139 Vt. 623, 433 A.2d 274 (1981), and the stay which issued was not a final appealable order. It was, in essence, a decision not to decide.

Second, where a power of sale is conferred by will and exception is made for a dwelling house inhabited by the surviving spouse or an heir, a petition for a license to sell real estate should be granted. This is purely a ministerial act, in no way dependent on the status of claims against the estate. Thus, the order of man-

damus was properly issued.

*Affirmed.*