REL: 9/26/2014

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME  COURT  OF  ALABAMA

## SPECIAL TERM, 2014

———————————

### 1130587

———————————

Alice Lynn Harper Taylor

v.

In the matter of the Estate of Alice Earle F. Harper, deceased

Appeal from Escambia Probate Court
(Probate No.: 10058)

———————————

### 1130884

———————————

Alice Lynn Harper Taylor

v.

**In the matter of the Estate of Alice Earle F. Harper,
deceased**

**Appeal from Monroe Probate Court
(Probate No.: 3330)**


BOLIN, Justice.

These consolidated appeals involve the estate of Alice Earle F. Harper, deceased (hereinafter the "decedent"). Alice Lynn Harper Taylor, the decedent's daughter (hereinafter "Alice"), appeals in case no. 1130587, pursuant to § 12-22-21, Ala. Code 1975, from the Escambia Probate Court's admission to probate of a 2007 will allegedly executed by the decedent and filed for probate in the probate court in Escambia County. Alice also appeals in case no. 1130884 from the Monroe Probate Court's order granting a motion to dismiss Alice's petition to probate a 1995 will allegedly executed by the decedent and filed for probate in the probate court in Monroe County.

## Facts and Procedural History

On March 1, 2013, the decedent died in Monroe County. She had three adult children who survived her: Alice, William C. Harper, and James R. Harper. The decedent's husband died in 2002. On November 12, 2013, Alice filed in Monroe County a petition to probate a 1995 will allegedly executed by the decedent. In her petition, Alice acknowledged that there was

in existence a 2007 will that purported to be the will of the decedent. Alice challenged the validity of the 2007 will on several grounds, including lack of mental capacity and the existence of a reciprocal will by the decedent's husband that had been admitted to probate in 2002. On December 10, 2013, the Monroe Probate Court set a hearing for January 28, 2014. On January 22, 2014, the probate judge recused himself from hearing the petition. On February 20, 2014, this Court entered an order appointing a special probate judge to hear the probate proceedings in Monroe County.

Meanwhile, on January 8, 2014, William filed a petition in Escambia County to probate a 2007 will allegedly executed by the decedent. On January 17, 2014, in the Escambia Probate Court, Alice filed a motion to dismiss and/or to stay the proceeding in Escambia County until the proper venue for the probate proceeding was determined. Alice cited § 43-8-21, Ala. Code 1975, which addresses a situation like this one where there are multiple probate proceedings, and argued that under § 43-8-21 the Monroe Probate Court is the proper venue. On February 19, 2014, the Escambia Probate Court admitted the 2007 will to probate and issued letters testamentary to

3

William, as the personal representative named in the 2007 will. On March 3, 2014, Alice filed a notice of appeal pursuant to § 12-22-21(2), Ala. Code 1975, which allows an appeal to the circuit court or to the Alabama Supreme Court of a probate court's "judgment or order on an application claiming the right to execute a will or administer an estate" (case no. 1130587).

On April 11, 2014, William filed in the Monroe Probate Court a motion to dismiss Alice's petition to probate the 1995 will. William argued that the 2007 will revoked all earlier wills and that the 2007 will gave the personal representative the right to choose the county in which the will would be probated. On April 14, 2014, the Monroe Probate Court granted William's motion to dismiss on the ground that it lacked subject-matter jurisdiction. Alice filed an appeal pursuant to § 12-22-21 from the Monroe Probate Court's grant of the motion to dismiss her petition to probate the 1995 will (case no. 1130884).

## Discussion

"The jurisdiction of the probate court is limited to the matters submitted to it by statute." Wallace v. State, 507

4

So. 2d 466, 468 (Ala. 1987). The statute governing the subject-matter jurisdiction of the probate court, § 12-13-1, Ala. Code 1975, provides, in pertinent part, that the probate court has original and general jurisdiction as to all matters enumerated in the statute, which includes the probate of wills. The general venue statute setting out the venue for the probate of a will in Alabama is set out in § 43-8-162, Ala. Code 1975, and provides:

> "Wills must be proved in the several probate courts as follows:
>
> "(1) When the testator, at the time of his death, was an inhabitant of the county, in the probate court of such county.
>
> "(2) When the testator, not being an inhabitant of the state, dies in the county, leaving assets therein, in the probate court of such county.
>
> "(3) When the testator, not being an inhabitant of the state, dies out of the county, leaving assets therein, in the probate of the county in which such assets, or any part thereof, are.
>
> "(4) When the testator, not being an inhabitant of the state, dies, not leaving assets therein, and assets thereafter come into any county, in the probate court of any county into which such assets are brought.

> "(5)  In  the  probate  court  of  the
> county designated by testator in the will
> if  the  testator  owns  property  in  such
> county at the time of his death."

Section 43-8-162 does not give priority to any one of the five venues specified therein as a venue where a will may be probated over another.  Section 43-8-21 establishes venue when a probate proceeding may be maintained in more than one place in Alabama:

> "(a) Where a proceeding under this chapter could
> be maintained in more than one place in this state,
> the court in which the proceeding is first commenced
> has the exclusive right to proceed.
>
> "(b) If proceedings concerning the same estate
> are commenced in more than one court of this state,
> the  court  in  which  the  proceeding  was  first
> commenced shall continue to hear the matter, and the
> other courts shall hold the matter in abeyance until
> the question of venue is decided, and if the ruling
> court determines that venue is properly in another
> court, it shall transfer the proceeding to the other
> court.
>
> "(c) If the court finds that in the interest of
> justice a proceeding or a file should be located in
> another court of this state, the court making the
> finding may transfer the proceeding or file to the
> other court."

In the present case, the decedent died in Monroe County. Alice filed a petition to probate the decedent's 1995 will in Monroe County.  It is undisputed that the decedent was

domiciled in Monroe County at the time of her death. Section 43-8-162(1) provides that venue is proper in the probate court where the decedent was an inhabitant at the time of her death. This Court has equated the term "inhabitant" with the word "domiciliary," and a domicile consists of a residence at a particular place accompanied by an intent to remain there permanently or for an indefinite length of time. Ambrose v. Vandeford, 277 Ala. 66, 167 So. 2d 149 (1964).

Subsequently, William filed a petition to probate the decedent's 2007 will in Escambia County. The 2007 will provided that William, as the personal representative, had the discretion to probate the will in any county were the decedent owned property at the time of her death. It is undisputed that the decedent owned property in Escambia County at the time of her death. Section 43-8-162(5) provides that probate of a will is proper in the county designated by the testator in the will if the testator owns property in that county at the time of her death.

Alice challenges the validity of the 2007 will; William challenges the validity of the 1995 will. Both challenges go to the merits of the case, i.e., whether either of the

7

tendered wills is entitled to be admitted to probate, and, if so, which one. Simply because William has submitted a will with a later date, which purports to revoke all prior wills, does not mean that the 2007 will is valid, nor does it mean that the Escambia Probate Court is the proper venue. The legislature has provided for the proper venue in probate matters when more than one probate court has venue. That is what we have before us in this case. The Monroe Probate Court is the proper venue under § 43-8-162(1), and the Escambia Probate Court is the proper venue under § 43-8-162(5). The legislature has determined that when there are multiple venues for a probate proceeding, the probate court in which the proceeding was first commenced shall have the exclusive right to proceed. § 43-8-21(a). Section 43-8-21(b) provides that if multiple proceedings are commenced in more than one probate court and those proceedings involve the same estate, then the probate court where the proceeding was first commenced shall hear the matter, and the other court shall hold the matter in abeyance until the question of venue is decided.

William cites DuBose v. Weaver, 68 So. 3d 814 (Ala. 2011), for the proposition that the administration of an

8

estate does not begin merely upon the filing in the probate court of a petition for letters of administration or of a petition to probate a will and for letters testamentary. DuBose involved a situation in which a party sought to remove the administration of the estate from a probate court to a circuit court under § 12-11-41. We concluded in DuBose that the circuit court had not acquired jurisdiction, stating:

> "In regard to the administration of estates, the probate court is a court of general and original jurisdiction. See Ala. Const. 1901, § 144; Ala. Code 1975, § 12-13-1(b). The circuit court can obtain jurisdiction over a pending administration of an estate only by removing the administration from the probate court to the circuit court pursuant to Ala. Code 1975, § 12-11-41; see Ex parte Terry, 957 So. 2d 455, 457-58 (Ala. 2006); Ex parte McLendon, 824 So. 2d 700, 704 (Ala. 2001). ...
>
> "'....'
>
> "In Ex parte Smith, 619 So. 2d 1374, 1376 (Ala. 1993), this Court stated that '[t]he circuit court cannot initiate the administration of an estate, because the initiation of administration is a matter exclusively in the jurisdiction of the probate court.' As this Court more recently explained in Ex parte Berry, 999 So. 2d 883 (Ala. 2008):
>
>> "'In stating in Ex parte Smith that "[t]he circuit court cannot assume jurisdiction over the administration of an estate when the administration has not yet begun," 619 So. 2d at 1375-76, this Court was referring to subject-matter jurisdiction. "Subject matter jurisdiction

9

concerns a court's power to decide certain types of cases." Ex parte Seymour, 946 So. 2d 536, 538 (Ala. 2006). Our decision in Ex parte Smith relied on § 12-13-1, Ala. Code 1975, which grants probate courts "original and general jurisdiction" over all matters enumerated in that statute, including the probate of wills and disputes over the right of executorship and administration.'

"999 So. 2d at 887-88 (emphasis omitted).

"Further, the administration of an estate does not begin merely upon the filing in the probate court of a petition for letters of administration or of a petition for probate of a will and for letters testamentary. As to the former, this Court has recognized that 'the mere filing of a petition for the administration of an estate does not in itself begin the administration; rather, the probate court must act upon the petition and thereby activate the proceedings, which may thereafter be subject to removal to the circuit court.' Ex parte Smith, 619 So. 2d at 1376; see also, e.g., Allen v. Estate of Juddine, 60 So. 3d 852, 855 (Ala. 2010) ('The administration of the estate was initiated by the probate court when it granted Willie Jr. letters of administration.'); Ex parte Berry, 999 So. 2d at 886 ('[T]his Court in Ex parte Smith[, 619 So. 2d 1374 (Ala. 1993),] held that removal of the will proceeding from the probate court to the circuit court was premature because the probate court had not initiated the administration of the estate by acting on the petition.'); and Ex parte Kelly, 243 Ala. 184, 187, 8 So. 2d 855, 857 (1942). As to the latter, this Court has noted that, where no letters of general administration have issued from the probate court and where the decedent's will has not yet been admitted to probate, the circuit court 'is without jurisdiction to make an order' removing the administration of the estate from the probate court

to the circuit court. Ex parte Pettus, 245 Ala. 349, 351, 17 So. 2d 409, 410-11 (1944)."

68 So. 3d at 821-22. DuBose is distinguishable because it involved the removal of the administration of an estate from the probate court to the circuit court. Section 12-11-41, Ala. Code 1975, expressly provides that the circuit court can obtain jurisdiction over a pending administration of an estate from a probate court only by removing the administration from the probate court. The "administration" of an estate, so as to allow the circuit court to have jurisdiction to order a removal, does not begin upon the mere filing of a petition to probate a will. Rather, the probate court must act by granting the petition and opening an estate, either testate or intestate, and issuing the appropriate probate letters to a personal representative. Our holding in DuBose that "administration" does not begin with the filing of a petition to probate a will is not analogous with "commencing" a probate proceeding under § 43-8-21. Section 43-8-21(b) involves venue as between multiple probate courts, each with subject-matter jurisdiction, and the question is in which probate court is venue proper. For purposes of § 43-8-21, "commencing" is the filing of the petition to probate a will or administer an

11

estate in the probate court, whereas removal of a probate proceeding to the circuit court is allowed only when the probate court has acted upon a petition and created a probate estate.

Based on the foregoing, we hold that venue in this case is proper in the Monroe Probate Court, by virtue of § 43-8-162 and § 43-8-21. Any argument as to whether the 1995 will or the 2007 will is the valid last will and testament of the decedent and entitled to admission to probate is a question on the merits and has yet to be determined. We reverse the judgment of the Escambia Probate Court admitting the 2007 will to probate and appointing William as a personal representative because, under § 43-8-21, the Monroe Probate Court has the "exclusive right to proceed." We remand the cause (probate no. 10058) to the Escambia Probate Court, which shall set aside its order admitting the 2007 will to probate and appointing William as personal representative, recalling and revoking any letters testamentary issued therewith. William's petition filed in Escambia County shall be held in abeyance in accordance with § 43-8-21(b). We reverse the judgment of the Monroe Probate Court because it erred in dismissing Alice's

1130587; 1130884

petition to probate the 1995 will. We remand the cause (probate no. 3330) to the Monroe Probate Court for proceedings consistent with this opinion, i.e., to proceed with Alice's petition to probate the 1995 will allegedly executed by the decedent in light of its status as the first "commenced" probate proceeding of the decedent's estate under § 43-8-21.

1130587 -- REVERSED AND REMANDED.

1130884 -- REVERSED AND REMANDED.

Moore, C.J., and Stuart, Parker, Murdock, Shaw, Main, Wise, and Bryan, JJ., concur.

13