MURDOCK, Justice.
Alice Lynn Harper Taylor ("Alice") petitions this Court for a writ of mandamus directed to the Monroe Probate Court requiring that court to enter orders (i) reinstating her petition to probate a will allegedly executed by Alice Earle Harper in 2007 ("the 2007 will"), (ii) reinstating her petition contesting the 2007 will, and (iii) transferring her contest of the 2007 will to the Monroe Circuit Court pursuant to § 43-8-198, Ala. Code 1975. As hereinafter discussed, we treat the petition as to the first two issues as a timely filed direct appeal, and we reverse and remand. With respect to the third issue, i.e., the transfer of the contest of the 2007 will to the Monroe Circuit Court, we grant the petition.
Facts and Procedural History
Alice Earle Harper, a resident of Monroe County, died on March 1, 2013. She was survived by three adult children: Alice, William Charles Harper ("William"), and James Robison Harper, Jr.
On November 12, 2013, Alice filed in the Monroe Probate Court a petition to probate a will allegedly executed by Alice Earle Harper in 1995 ("the 1995 will"). In her petition to probate the 1995 will, Alice acknowledged the existence of the 2007 will, but she asserted that the 2007 will was invalid based on several grounds, including that Alice Earle Taylor lacked the *639 mental capacity to make the 2007 will because she suffered from dementia and that the 2007 will was procured through undue influence exerted by William. Alice attached a copy of the 2007 will as an exhibit to her petition to probate the 1995 will; the 2007 will purports to revoke all earlier wills executed by Alice Earle Harper.
The Monroe Probate Court set Alice's petition to probate the 1995 will for a hearing. As we noted in an earlier appeal involving these parties, Taylor v. Estate of Harper, 164 So.3d 542 (Ala. 2014) (" Taylor I"):
"[O]n January 8, 2014, William filed a petition in Escambia County to probate [the 2007 will]. On January 17, 2014, in the Escambia Probate Court, Alice filed a motion to dismiss and/or to stay the proceeding in Escambia County until the proper venue for the probate proceeding was determined. Alice cited § 43-8-21, Ala. Code 1975, which addresses a situation like this one where there are multiple probate proceedings, and argued that under § 43-8-21 the Monroe Probate Court is the proper venue. On February 19, 2014, the Escambia Probate Court admitted the 2007 will to probate and issued letters testamentary to William, as the personal representative named in the 2007 will. On March 3, 2014, Alice filed a notice of appeal pursuant to § 12-22-21(2), Ala. Code 1975, which allows an appeal to the circuit court or to the Alabama Supreme Court of a probate court's 'judgment or order on an application claiming the right to execute a will or administer an estate' (case no. 1130587).
"On April 11, 2014, William filed in the Monroe Probate Court a motion to dismiss Alice's petition to probate the 1995 will. William argued that the 2007 will revoked all earlier wills and that the 2007 will gave the personal representative the right to choose the county in which the will would be probated. On April 14, 2014, the Monroe Probate Court granted William's motion to dismiss on the ground that it lacked subject-matter jurisdiction. Alice filed an appeal pursuant to § 12-22-21 from the Monroe Probate Court's grant of the motion to dismiss her petition to probate the 1995 will (case no. 1130884)."
164 So.3d at 543-44.
In addressing Alice's arguments in Taylor I, this Court stated:
"[T]he decedent died in Monroe County. Alice filed a petition to probate the decedent's 1995 will in Monroe County. It is undisputed that the decedent was domiciled in Monroe County at the time of her death. Section 43-8-162(1)[, Ala. Code 1975,] provides that venue is proper in the probate court where the decedent was an inhabitant at the time of her death. This Court has equated the term 'inhabitant' with the word 'domiciliary,' and a domicile consists of a residence at a particular place accompanied by an intent to remain there permanently or for an indefinite length of time. Ambrose v. Vandeford, 277 Ala. 66, 167 So.2d 149 (1964).
"Subsequently, William filed a petition to probate the decedent's 2007 will in Escambia County. The 2007 will provided that William, as the personal representative, had the discretion to probate the will in any county w[h]ere the decedent owned property at the time of her death. It is undisputed that the decedent owned property in Escambia County at the time of her death. Section 43-8-162(5)[, Ala. Code 1975,] provides that probate of a will is proper in the county designated by the testator in the will if the testator owns property in that county at the time of her death.
*640 "Alice challenges the validity of the 2007 will; William challenges the validity of the 1995 will. Both challenges go to the merits of the case, i.e., whether either of the tendered wills is entitled to be admitted to probate, and, if so, which one. Simply because William has submitted a will with a later date, which purports to revoke all prior wills, does not mean that the 2007 will is valid, nor does it mean that the Escambia Probate Court is the proper venue. The legislature has provided for the proper venue in probate matters when more than one probate court has venue. That is what we have before us in this case. The Monroe Probate Court is the proper venue under § 43-8-162(1), and the Escambia Probate Court is the proper venue under § 43-8-162(5). The legislature has determined that when there are multiple venues for a probate proceeding, the probate court in which the proceeding was first commenced shall have the exclusive right to proceed. § 43-8-21(a)[, Ala. Code 1975 ) ]. Section 43-8-21(b)[, Ala. Code 1975 ),] provides that if multiple proceedings are commenced in more than one probate court and those proceedings involve the same estate, then the probate court where the proceeding was first commenced shall hear the matter, and the other court shall hold the matter in abeyance until the question of venue is decided.
"....
"Based on the foregoing, we hold that venue in this case is proper in the Monroe Probate Court, by virtue of § 43-8-162 and § 43-8-21. Any argument as to whether the 1995 will or the 2007 will is the valid last will and testament of the decedent and entitled to admission to probate is a question on the merits and has yet to be determined. We reverse the judgment of the Escambia Probate Court admitting the 2007 will to probate and appointing William as a personal representative because, under § 43-8-21, the Monroe Probate Court has the 'exclusive right to proceed.' We remand the cause (probate no. 10058) to the Escambia Probate Court, which shall set aside its order admitting the 2007 will to probate and appointing William as personal representative, recalling and revoking any letters testamentary issued therewith. William's petition filed in Escambia County shall be held in abeyance in accordance with § 43-8-21(b). We reverse the judgment of the Monroe Probate Court because it erred in dismissing Alice's petition to probate the 1995 will. We remand the cause (probate no. 3330) to the Monroe Probate Court for proceedings consistent with this opinion, i.e., to proceed with Alice's petition to probate the 1995 will allegedly executed by the decedent in light of its status as the first 'commenced' probate proceeding of the decedent's estate under § 43-8-21."
164 So.3d at 544-47.
Following our remand in Taylor I, William filed an answer and counterclaim in the Monroe Probate Court contesting the 1995 will.[1] William's answer and counterclaim denied that Alice Earle Harper had executed the 1995 will, and he alleged several reasons why, according to William, the 1995 was invalid or had been revoked. Among those reasons was that the 1995 will "was revoked by" the 2007 will, which, according to William, "was duly signed, published, witnessed and self-proving." William attached a certified copy of the 2007 will to his answer and counterclaim, and he noted that he had filed the 2007 will *641 for probate in the Escambia Probate Court and that that proceeding was being held in abeyance pursuant to this Court's mandate in Taylor I. William's answer and counterclaim requested that the Monroe Probate Court deny Alice's petition to probate the 1995 will and enter an order stating "that the alleged 1995 will was revoked either by Alice Earle Harper's execution of the 2007 will, or by other actions by Alice Earle Harper."
On February 27, 2015, Alice filed in the Monroe Probate Court an "Answer to Will Contest and Motion to Transfer," wherein Alice answered William's contest of the 1995 will and requested that the Monroe Probate Court transfer William's contest of the 1995 will to the Monroe Circuit Court. Thereafter, the Monroe Probate Court entered an order transferring the contest of the 1995 will to the Monroe Circuit Court.
On October 9, 2015, Alice filed a petition to probate the 2007 will in the Monroe Probate Court. Alice alleged that the will had "purportedly" been executed by Alice Earle Harper and had "purportedly" been witnessed. Alice attached a copy of the 2007 will to the petition. The prayer for relief in Alice's petition to probate the 2007 will states that Alice "does now surrender said document for determination of whether it is due to be probated and whether it is the true Last Will and Testament of Alice Earle Harper."
Also on October 9, 2015, Alice filed in the Monroe Probate Court a petition contesting the admission of the 2007 will to probate and requesting that her will contest be transferred to the Monroe Circuit Court.[2] As grounds for the will contest, Alice alleged that the 2007 will was not duly executed, that Alice Earle Harper was mentally incompetent and lacked testamentary capacity when she allegedly executed the 2007 will, and that the 2007 will was procured by fraud, coercion, or undue influence exerted by William, who was allegedly in a confidential, dominant, and controlling relationship with Alice Earle Harper.
On October 15, 2015, William filed in the Monroe Probate Court a motion to dismiss Alice's petition to probate the 2007 will, her will contest, and her request for transfer of the will contest to the Monroe Circuit Court. William noted that Alice had filed only a copy of the 2007 will for probate and that the original of the 2007 will had been filed for probate in the Escambia Probate Court by William in January 2014. He asserted that venue for Alice's will contest was improper and that the proper venue was the Escambia Probate Court, where the original 2007 will had been filed for probate. Also, William alleged that Alice's petition was untimely because the petition to probate the 2007 will in Escambia County had been pending since January 2014. He further stated that Alice had waived her right to probate the 2007 will in the Monroe Probate Court because she had filed in the Escambia Probate Court an initial pleading in response to William's petition to probate the 2007 will in that court, and she had failed to contest the 2007 will or to seek a transfer of any will contest at that time. William further argued that Alice failed to satisfy the requirements of § 43-8-198 (requiring that a demand for transfer of a will contest to the circuit court be filed "at the time of [the] filing [of] the initial pleading" of the party *642 seeking transfer) because the document constituting Alice's will contest and "demand" for transfer and Alice's petition to probate the 2007 will were filed as separate documents several minutes apart. Further, William argued that a person should not be allowed to offer a will for probate for the purpose of contesting that will.
On December 3, 2015, the Monroe Probate Court entered an order granting William's motions to dismiss Alice's petition to probate the 2007 will, her will contest, and her request for transfer of her contest of the 2007 will to the Monroe Circuit Court. Alice petitions this Court for a writ of mandamus directing the Monroe Probate Court to enter orders reinstating her petition to probate the 2007 will, reinstating her will contest as to the 2007 will, and transferring that will contest to the Monroe Circuit Court pursuant to § 43-8-198, Ala. Code 1975.
Standard of Review
Although Alice has requested relief by way of a writ of mandamus, an order dismissing a petition to probate a will is an appealable order. See Ala. Code 1975, § 12-22-20 ("An appeal lies to the circuit court or Supreme Court from any final decree of the probate court, or from any final judgment, order or decree of the probate judge...."); Smith v. Chism, 262 Ala. 417, 419, 79 So.2d 45, 47 (1955) (citing the essentially identical predecessor statute to § 12-22-20 and noting that an order admitting a will to probate is an appealable order). Also, an order dismissing a will contest is an appealable order. See Ala. Code 1975, § 12-22-21(1) (authorizing appeal from a probate court's "decree, judgment or order on a contest as to the validity of a will").
It is well settled that, where " 'the facts of the particular case' " warrant our "treat[ing] a petition for a writ of mandamus as a notice of appeal," this Court will do so. Kirksey v. Johnson, 166 So.3d 633, 643-44 (Ala. 2014) (quoting Ex parte Burch, 730 So.2d 143, 147 (Ala. 1999) ). We conclude that, based on the facts before us and the posture of the underlying proceeding, Alice's petition requesting that this Court correct alleged errors as to the dismissal of her petition to probate the 2007 will and her contest as to that will should be treated as an appeal. On appeal, we review such dismissals de novo, and the trial court's ruling is accorded no presumption of correctness. See, e.g., DGB, LLC v. Hinds, 55 So.3d 218, 223 (Ala. 2010).
As for the dismissal of Alice's motion to transfer her will contest to the circuit court, mandamus review is proper when a probate court allegedly errs in its ruling as to the transfer of a will contest. See Ex parte McLendon, 824 So.2d 700 (Ala. 2001). A petitioner seeking mandamus relief must demonstrate that " 'there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' " Ex parte Perfection Siding, Inc., 882 So.2d 307, 310 (Ala. 2003) (quoting Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995) ).
Analysis
As we noted in Taylor I, it has not yet been determined whether the 1995 will or the 2007 will, or neither of them, is the last will of Alice Earle Harper. It is possible that one of those wills is the last will of Alice Earle Harper, but it is also possible that neither of those wills is valid. In other words, it has not yet been determined whether Alice Earle Harper died testate or intestate, or, if she died testate, which *643 of the two proffered wills would control the disposition of her estate or who will be the personal representative of her estate.
As we further noted in Taylor I, (i) the Monroe Probate Court is a proper venue under § 43-8-162(1), Ala. Code 1975; (ii) the probate proceeding in the Monroe Probate Court was commenced first; and (iii) "[§] 43-8-21(b) provides that if multiple proceedings are commenced in more than one probate court and those proceedings involve the same estate, then the probate court where the proceeding was first commenced shall hear the matter." 164 So.3d at 545 (emphasis added).
Consequently, in Taylor I, we "reverse[d] the judgment of the Escambia Probate Court admitting the 2007 will to probate and appointing William as personal representative because, under § 43-8-21, the Monroe Probate Court has the 'exclusive right to proceed.' " 164 So.3d at 547. We ordered the Escambia Probate Court to set side its judgment and to hold William's petition to probate the 2007 will "in abeyance in accordance with § 43-8-21(b)." Id.
Section 43-8-21(b) provides:
"If proceedings concerning the same estate are commenced in more than one court of this state, the court in which the proceeding was first commenced shall continue to hear the matter, and the other courts shall hold the matter in abeyance until the question of venue is decided, and if the ruling court determines that venue is properly in another court, it shall transfer the proceeding to the other court."
(Emphasis added.) Section 43-8-21(b) addresses "proceedings concerning the same estate" where multiple venues are proper. Both the petition to probate the 1995 will in the Monroe Probate Court and the petition to probate the 2007 will in the Escambia Probate Court concern the same estate. As we stated in Taylor I, 164 So.3d at 547, as between those proceedings, the first-commenced proceeding concerning the estate of Alice Earle Harper is the proceeding in the Monroe Probate Court, and, because venue is proper in the Monroe Probate Court, that court "shall continue to hear the matter."[3]
Contrary to William's assertions in his brief filed with this Court, § 43-8-21(b) does not limit the jurisdiction of the Monroe Probate Court to only those estate matters that were filed in that court before a proceeding concerning the estate was filed in another court; that section applies to all "proceedings concerning the ... estate" of Alice Earle Harper that are filed in the Monroe Probate Court. Nor should § 43-8-21(a) be read to limit the operation of § 43-8-21(b) in such manner.[4] Such a limitation would be contrary to the very purpose of § 43-8-21, which is to promote judicial efficiency. Indeed, where several wills and will contests are filed, this Court has approved of the consolidation of such proceedings. See Cagle v. Reeves, 353 So.2d 787, 792 (Ala. 1977) ("[S]hould appellees desire they would have a right to test the validity of the 1972 will against that of *644 the 1974 will and 1975 codicil by the simple device of filing a contest of the 1972 will in the probate court and demanding its transfer to the circuit court for trial. The circuit court could then consider motions for consolidation for trial of all contests...."); Hooper v. Huey, 293 Ala. 63, 68, 300 So.2d 100, 105 (1974) ("If, as in the instant case, there are several wills being contested, one of the parties may move to consolidate the actions under Rule 42(a) of the Alabama Rules of Civil Procedure. The trial court may, in its discretion, order a consolidation where the actions involve a common question of law or fact. By such consolidation, useless trials of the same issue can be avoided.").[5]
Based on the foregoing, the Monroe Probate Court erred by dismissing Alice's petition to probate the 2007 will and her contest of that will.[6]
*645 As for the dismissal of Alice's motion to transfer her will contest to the circuit court, in Ex parte McLendon, 824 So.2d 700 (Ala. 2001), this Court stated that "once a will contestant seeking to remove the contest pursuant to § 43-8-198 makes a prima facie showing that he or she is a person described in § 43-8-190 as one 'interested therein,' the probate court 'must enter an order transferring the contest to the circuit court,' § 43-8-198." 824 So.2d at 705.[7] There is no dispute at to whether Alice made the prima facie showing required under § 43-8-198. Thus, she was entitled to an order transferring that will contest to the Monroe Circuit Court.[8] Accordingly, we direct the Monroe Probate Court to enter an order transferring Alice's contest of the 2007 will to the Monroe Circuit Court upon the reinstatement of that will contest.[9]
Conclusion
As to Alice's challenge to the dismissal of her petition to probate the 2007 will and her petition contesting the 2007 will, we treat those matters as a direct appeal, reverse the judgment of the Monroe Probate Court, and remand the case to that court for further proceedings consistent with this opinion. As to the dismissal of Alice's motion to transfer of the will contest to circuit court, we grant the petition for the writ of mandamus.
REVERSED AND REMANDED; AND PETITION GRANTED; WRIT ISSUED.
Stuart, C.J., and Bolin, Main, and Bryan, JJ., concur.

It does not appear that James Robison Harper, Jr., joined William's answer and counterclaim or filed his own; nor has James Robison Harper, Jr., filed a brief to this Court.

As this Court has noted: "[A]ny person, whether he is interested for or against the will, may offer a will for probate in Alabama; and such person will not be estopped to contest the validity of the instrument in the same proceedings." Hooper v. Huey, 293 Ala. 63, 68, 300 So.2d 100, 105 (1974), overruled in part on other grounds, Bardin v. Jones, 371 So.2d 23, 26 (Ala. 1979).

Section 43-8-21 also provides that a probate court having venue may, upon proper motion, determine that "in the interest of justice a proceeding or a file should be located in another court of this state" and "transfer the proceeding or file to the other court." Ala. Code 1975, § 43-8-21(c). We read § 43-8-21(c) as further support for the consolidation of probate proceedings concerning an estate, where possible.

Section 43-8-21(a) states: "When a proceeding under this chapter could be maintained in more than one place in this state, the court in which the proceeding is first commenced has the exclusive right to proceed."

The original of the 1995 will is in the possession of the Monroe Probate Court. The original of the 2007 will apparently remains in the possession of the Escambia Probate Court.
As to the fact that the original of the 2007 will has not yet been presented to the Monroe Probate Court, we note that William does not contest the validity of that will and, of course, is himself responsible for placing that will in the possession of the Escambia Probate Court. His position is that the 2007 will is the last will of Alice Earle Harper, and he has made that assertion in both the petition he filed in the Escambia Probate Court and his pleadings in the Monroe Probate Court. William does not contend that the copy of the will Alice has provided to the Monroe Probate Court is not in fact a copy of the 2007 will that is being held by the Escambia Probate Court. Also, no evidentiary hearing has been held in the Monroe Probate Court as to the validity of the 2007 will. The fact that Alice merely attached a copy of the 2007 will to her petition does not mean that she cannot and will not arrange for the original will to be presented to the Monroe Probate Court if and when such presentation is necessary for purposes of the probate proceedings in that court. Under the circumstances presented, Alice's failure thus far to have procured the original of the 2007 will and to have filed it in the Monroe Probate Court did not justify that court's dismissal of her petition. Alice may seek the transfer of the original of the 2007 will from the Escambia Probate Court to the Monroe Probate Court at the appropriate time, if William has not done so.

We note that William reads Allan v. Allan, 353 So.2d 1157, 1157 (Ala. 1977), as holding that the mere meeting of the formalities for execution of the 2007 will is all that is required to sustain his contest of the 1995 will and that the fact that the 2007 will might be invalid for some other reason is not admissible as to the 1995 will contest. Such a conclusion, however, fails to appreciate the consequence of what would occur if the 2007 will were itself later successfully contested on grounds other than those relating to the formalities of execution. In such an event, an invalid will (the 2007 will), would have been allowed to revoke an otherwise valid will (the 1995 will-assuming the only reason the 1995 will was held invalid is because of the execution of the 2007 will), thus potentially resulting in Alice Earle Harper's dying intestate. We cannot sanction such an approach for two reasons.
First, the validity of the 2007 will cannot be subdivided. The 2007 will is either valid or it is not; the validity of the revocation clause in that will depends on the validity of the will itself. See Grisby v. Andrews, 686 So.2d 303, 304 (Ala. Civ. App. 1996) ("[B]ecause the revocation clause in the subsequent will was a product of undue influence, one must conclude that Carter lacked the intent to revoke the first will. That purported revocation was inoperative."); see also Vaughn v. Vaughn, 217 Ala. 364, 366, 116 So. 427, 429 (1928) ("[R]evocation by mistake, fraud, undue influence, or by one not of testamentary capacity, ... is inoperative because of the lack of animus revocandi.").
Second, William's argument runs counter to the general rule favoring testacy over intestacy where possible. See, e.g., Anderson v. Griggs, 402 So.2d 904 (Ala. 1981).
If Alice's contest of the 2007 will fails, nothing would prevent William, at that time, from requesting that, "in the interest of justice," the Monroe Probate Court transfer the proceedings concerning the estate of Alice Earle Harper to the Escambia Probate Court. See Ala. Code 1975, § 43-8-21(c).

Section 43-8-190, Ala. Code 1975, provides that otherwise proper grounds for contesting the will may be asserted "by any person interested therein, or by any person, who, if the testator had died intestate, would have been an heir or distributee of his estate."

We recognize that the probate court might have dismissed the motion to transfer the contest as to the 2007 will simply because it had dismissed the will contest itself, i.e, there was no remaining contest to be transferred. But because Alice was entitled to continue with her contest, she therefore was entitled to a transfer order upon meeting the requirements of § 43-8-198.

Because the Escambia Probate Court's order admitting the 2007 will to probate was reversed in Taylor I, there is no concern that Alice's effort to contest the 2007 will might be precluded by the statute of limitations applicable to a will contest. See Ala. Code 1975, § 43-8-199 (providing that will contest in circuit court must be filed "within the six months after the admission of such will to probate in this state"). See also Ala. Code 1975, § 43-8-190 (providing that will may be contested in probate court "before the probate thereof").