*Black v. Black*, No. 636-11-18 Wncv (Tomasi, J., Apr. 20, 2020).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Washington Unit | CIVIL DIVISION<br>Docket No. 636-11-18 Wncv |

Elizabeth Black,
Jonathan Black,
      Appellants

v.

Deborah Black,
      Appellee

Opinion and Order on Motion to Dismiss

This case concerns certain fees associated with the Probate guardianship of Virginia Black. Virginia Black's children, principally Elizabeth Black (and Jonathan Black), filed an appeal from an October 3, 2018 Order of the Probate Court appointing a successor guardian and approving the attorneys' fees of Attorneys' Andrea Gallitano, John Page, and David Otterman. Ms. Black failed to file the appeal in a timely manner. For various equitable reasons, the Court agreed to accept the late filing. The case proceeded in the Civil Division. Eventually, the Court held a Pretrial Conference in November 2019. Ms. Black asked the Court to delay resolution of the issues presented. The Court agreed to delay resolution of the successor guardian issue but proceeded with a trial as to the attorneys' fees. It set those issues for a one-day trial in February 2020.

Days before the trial was to begin, Attorney Otterman filed a motion to dismiss indicating that neither he nor his client, former guardian Richard Knowles,

had received notice of the 2018 appeal and had not been receiving copies of court filings in the interim. As the parties had not had a chance to consider the motion at that time, the Court ordered that the trial go forward, but solely as to the fees of Attorneys Page and Gallitano that had been approved by guardian Deborah Black. The trial was completed as to those fees, and the Court has issued a ruling.

The Court ordered the parties to file briefs in connection with Attorney Otterman's motion to dismiss. Ms. Black objected to dismissal; the other parties did not. The Court concluded that it required additional evidence regarding the question. It issued an Order requiring the parties to submit sworn affidavits regarding the history of events so that the Court would have a factual background upon which to determine whether a hearing was required. That briefing has been completed. The Court makes the following determinations with regard to the appeal of the fees approved by guardian Knowles.

I.    The Record and the Written Submissions

The record establishes that Richard Knowles was appointed guardian of Virginia Black in November 2017. He requested to be and was removed as guardian in October 2018. While he was guardian, he employed Attorney Otterman as his counsel. He approved payments to Attorney Otterman and approved limited payments to Attorney Gallitano from the period when Attorney Gallitano represented former guardian Deborah Black and limited payments to Attorney Page for his work in representing Virginia Black (collectively, the "Knowles Fees").

2

The Knowles Fees were approved in the October 3, 3018 Probate Order. Specifically, the Probate Court sanctioned guardian Knowles' approval of the following fees: Attorney Otterman ($14,647.21); Page ($4,845.55); and Gallitano ($1,157.49.)

Ms. Black filed an appeal from that Order.

In support of her contention that she properly appealed the Knowles Fees, Ms. Black filed a copy of a July 2019 filing with the Court describing the matters from which she had appealed. While the letter indicates Ms. Black was contesting the Knowles Fees, the certificate of service does not include Attorney Otterman or Mr. Knowles.

Attorney Otterman has filed an affidavit attesting to the fact that neither he, nor his client Mr. Knowles, received notice from Ms. Black of the filing of the appeal. He also attested that he had not been copied on numerous other filings made during the course of the appeal from the Probate Court and did not receive another filing from Ms. Black until less than a month before the trial in this action.

Ms. Black responded with what is labelled a "Counter Affidavit." It is not, however, an affidavit and has not been properly notarized. Ms. Black does not dispute that she did not send any notices or filings directly to Mr. Knowles. Ms. Black candidly admitted that she could not recall whether she had sent Attorney Otterman the July 2019 letter describing the issues she was appealing. And, she acknowledged a subsequent lapse in time where she did not serve Attorney

3

Otterman with court filings. She maintained, though, that she did serve him with later court filings.

Ms. Black does not address the actual Notice of Appeal filed in November 2018. It is part of the Court's record, however, and attached to the Notice is a certificate indicating that it was served upon Attorney Otterman. Attorney Otterman, however, has averred that he did not actually receive the Notice. Ms. Black has filed no statement under oath contesting that, nor has she even disputed the point in her "Counter-Affidavit." She also admitted to having limited memories of what she did and did not serve on Attorney Otterman. The Court finds persuasive the evidence offered by Attorney Otterman under oath that he did not receive service of the Notice of Appeal.

If considered, the "Counter-Affidavit" also supports Attorney Otterman's averments. In that filing, Ms. Black described her standard practice with regard to sending copies of court filings and completing certificates of service. She stated that she would normally write out her certificates of service at the courthouse based on the list of Interested Parties listed on notices sent from the Court. A review of the Court notices in this appeal show that Attorney Otterman has not been listed on the Court's notices. Ms. Black's practice as to certificates of service lends additional support to Attorney Otterman's averments that he did not receive service of court filings.

In light of the foregoing, the Court concludes that Ms. Black did not serve Attorney Otterman or Mr. Knowles with the Notice of Appeal, the July 3, 3019

4

letter, or court filings up until approximately one month prior to trial. That conclusion is supported by: (a) the affidavit of Attorney Otterman; (b) the lack of any sworn affidavit in opposition, despite the Court's Order requiring one; (c) Ms. Black's admission that she did not serve Mr. Knowles; (d) the lack of any definitive statements from Ms. Black that she did serve the Notice or the July 2019 letter on Attorney Otterman; (e) Ms. Black's statement that she made out her certificates of service based on the Court's list of Interested Persons, which, in this case, did not include Attorney Otterman; and (f) Ms. Black's admission of a lack of memory as to whether she, in fact, served early court filings in this appeal on Attorney Otterman.

The conclusion that Ms. Black did not and has not (until recently) been serving Attorney Otterman with court filings does not resolve the issue. Vt. R. Civ. P. 72(a) states that a person appealing from a Probate Court ruling: "shall serve a copy of the notice upon each person who is considered a party at the time of the commencement of the proceeding." The Reporter's notes underscore that requirement. *See Id*. Reporter's Notes – 2003 Amendment (amendment "make[s] clear that the appellant serves a copy of the notice of appeal on each party and the clerk"); *Id*. Reporter's Notes – 2002 Amendment ("appellant is responsible for serving copies of the notice of appeal upon the clerk of the superior court and the appellees"). Rule 72 further incorporates the provisions of Vt. R. App. P. 3. Like Rule 72, Rule 3 provides that an appellant "must serve a copy of the notice [of appeal] on . . . counsel of record for each of the other represented parties to the

5

appeal." Based on the above findings, Ms. Black failed to comply with her express obligations with regard to service under Rule 72 and Appellate Rule 3.

A failure of the appellant to make such service does not affect the Court's jurisdiction, but it "is ground for the . . . Court to take any appropriate action, including dismissal." Vt. R. App. P. 3(b)(1)(B)(ii). In this instance, for a number of reasons, the Court agrees that dismissal is appropriate. *See In re Seward's Estate*, 139 Vt. 623, 625 (1981) (approving trial court's decision to dismiss appeal for failing to comply with Rule 72). First, Ms. Black did not serve copies of the Notice of Appeal as required by the Rules. Second, she did not copy Attorney Otterman on later filings.

Third, as a result, Attorney Otterman and Mr. Knowles have had no notice of their interest in this proceeding since it began in the fall of 2018. Fourth, that lack of notice is potentially prejudicial. Mr. Knowles was discharged from duties he voluntarily undertook as guardian in October 2018. Attorney Otterman, likewise, has had no involvement with the matter since that point in time. In the interim, they were not charged with retaining all records, nor would they have had reason to reflect upon the period and maintain active memories of events occurring during Mr. Knowles tenure as guardian. Further, they have not had the opportunity to participate in pretrial hearings and potential motion practice before the Court regarding the appeal.

Fifth, the Court has now conducted a trial regarding attorneys' fees that could have included the claims concerning Attorney Otterman. It was unable to try

6

those issues in the same proceeding due to Ms. Black's failure to serve Attorney Otterman. Requiring additional hearing time devoted solely to the issues concerning Attorney Otterman is inefficient and would result in a greater expenditure of limited court resources. Such a concern is more acute in light of the anticipated backlog of cases that will need to be addressed following the Covid emergency.

Lastly, while Ms. Black has not exhaustively presented her claims regarding Attorney Otterman's fees, much of what she has put forth does not directly challenge the reasonableness of the fees. Instead, Ms. Black's filings suggest that she wishes to expand this litigation concerning attorneys' fees into an effort to undermine other court orders. For example, she maintains that she would not have agreed to the Order dismissing her earlier appeal had she known Mr. Knowles would hire a lawyer. And she claims that Mr. Knowles' breach of her trust has led to the Court's appointment of another guardian whose performance Ms. Black also assails and whose subsequent fees Ms. Black is also now challenging in a separate appeal. Like some issues that Ms. Black attempted to raise at trial in the earlier proceeding concerning the fees of Attorneys Page and Gallitano, such matters are not relevant to determining whether the Attorney Otterman's fees were reasonable and appropriate under the controlling principles of Vt. R. Prob. P. 66(c) and Rule 1.5(a) of the Vermont Rules of Professional Conduct.

In light of such considerations, the Court concludes that dismissal is appropriate.

WHEREFORE, Richard Knowles' motion to dismiss is granted.  The appeal concerning the Knowles Fees is dismissed.

Dated this __ day of April, 2020, in Montpelier, Vermont.

_____
Timothy B. Tomasi
Superior Court Judge