VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      25-AP-116



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

NOVEMBER TERM,   2025

| | |
|---|---|
| In re Guardianship of Alice Thomas (Brenda Leonard\*) | } APPEALED FROM: <br> } <br> } Superior Court, Rutland Unit, Civil Division <br> } CASE NO. 24-CV-05289 <br> } Trial Judge: Alexander N. Burke |

In the above-entitled cause, the Clerk will enter:

Daughter Brenda Leonard appeals the civil division's dismissal of her appeal from the probate division's order denying her request to recognize the "living will" of her mother Alice Thomas in this guardianship proceeding. We affirm.

The following facts are apparent from the record. In March 2024, the Department of Disabilities, Aging and Independent Living (DAIL) filed a petition in the probate division to place mother, who is in her late eighties, in an involuntary guardianship. Following an evidentiary hearing, the probate division appointed the Office of Public Guardian as mother's guardian. The court found that none of mother's adult children were capable of serving as her guardian.

Daughter filed various motions with the probate division. Among other things, she sought to have the court recognize a document she drafted and claimed was mother's "living will." The probate division denied these motions. Daughter appealed to this Court. We transferred the appeal to the civil division because it did not appear to involve a pure question of law.

In February 2025, DAIL moved for the civil division to dismiss daughter's appeal because she had not filed a statement of questions as required by Vermont Rule of Civil Procedure 72, and because the relief she was apparently seeking—recognition of the "living will"—was not relief that the civil division could grant. The civil division granted DAIL's motion to dismiss the appeal, concluding that daughter had not complied with Rule 72(c)'s requirement that she file a statement of questions. This appeal followed.

Rule 72(c), which governs appeals from the probate division to the civil division, requires the appellant to file a statement of questions within thirty days after filing the notice of appeal. The civil division has discretion to dismiss an appeal for failure to comply with this requirement. In re Guardianship of L.B., 147 Vt. 82, 84 (1986) ("[D]ismissal for failure to file a timely

statement of questions in accordance with V.R.C.P. 72(c) is a matter within the sound discretion of the superior court; dismissal is not required on jurisdictional grounds.").

The civil division acted within its discretion in dismissing daughter's appeal. The court explained that daughter filed two notices of appeal from the probate decisions regarding the purported living will. The first notice requested more time to allow mother to sign the living will. The second notice stated, "I do not agree with the decision that denied [mother's] living will that was submitted to court at an earlier time," then explained why she disagreed with the probate division and that she was acting as a pro se attorney for mother. The court found that these statements did not comply with Rule 72(c) and therefore dismissed the appeal.

We affirmed dismissal on a similar basis in In re Seward's Estate, 139 Vt. 623, 625 (1981). In that case, the notice of appeal did not contain a statement of questions; it stated only that the will should not have been allowed and that a prior will should have been allowed instead. We held that this was "insufficient to comply with the rule, and the trial court was without error in dismissing the appeal on this basis." Id. The same is true here: daughter's statements in her notices of appeal simply disagreed with the probate division and did not identify a cognizable legal or factual error related to the underlying order for which she sought review.

In her reply brief, daughter asserts for the first time that she complied with Rule 72(c) by filing a statement of questions in March 2025. "We need not consider an argument raised for the first time in a reply brief." Robertson v. Mylan Lab'ys, Inc., 2004 VT 15, ¶ 2 n.2, 176 Vt. 356. Even if we considered the argument, it does not provide a basis to reverse the decision below. In March 2025, daughter filed a document listing the following questions for the civil division's review:

> 1. Is the nursing home bill for [mother] paid per month by the guardian, Carol Ladabouche as per court?
>
> 2. Who has [mother]'s Berkshire bank book in regards to her checking account?
>
> 3. What bank is the trust account being held in for [mother]?
>
> 4. On the inventory was my name corrected from my maiden name to Brenda J. Leonard?

The document went on to state, "In addition I need an answer to an equal [division] of money per [mother]'s children should [mother] expire."

Although the civil division did not address the March 2025 document, it was filed nearly six months after daughter's notice of appeal, making it untimely under the rule. V.R.C.P. 72(c) (requiring statement of questions to be filed within thirty days of appeal). More importantly, the questions presented therein were irrelevant to the order on appeal, which related to the validity of the purported living will. The March 2025 filing therefore did not cure daughter's prior failure to file an adequate statement of questions.[*] Because the civil division properly dismissed

---

[*] Another daughter of Alice Thomas, Elaine Gawrys, was a party to the probate proceeding and filed two briefs with this Court. In the first, she states that she "put this appeal in with Brenda Leonard's that I would be a good guardian to my mother." She asserts that the guardian has mistreated her and seeks to be appointed guardian. She does not address the civil

2

daughter's appeal on this basis, we do not reach daughter's arguments in her brief concerning the disposition of the proceeds of the sale of mother's house and the items therein, or her requests to be paid an early inheritance and to have a power of attorney over mother.

      Affirmed.

BY THE COURT:

 

_____
Harold E. Eaton, Jr., Associate Justice


_____
William D. Cohen, Associate Justice


_____
Nancy J. Waples, Associate Justice

---

division's decision.  To the extent that Gawrys seeks to alter the decisions of the probate or civil division for reasons other than those raised by daughter, we do not consider her arguments because she did not file a notice of appeal.  See In re C.L., 2021 VT 66, ¶ 4, 215 Vt. 341 ("The general rule is that an appellee who does not file a notice of appeal is not entitled to seek reversal or modification of the judgment below.").  We do not consider Gawrys's second brief because she filed it without permission after the deadline for appellees' briefs had expired.